### BEEKMAN *vs.* GIBBS and others.

Since the act of 1840, to reduce the expense of foreclosing mortgages in the court of chancery, the surplus moneys, arising upon a master's sale under a decree of foreclosure, after satisfying the complainant's debt and costs and prior liens upon the mortgaged premises, cannot be applied to the payment of junior incumbrances, or be otherwise disposed of or distributed, until the master's report is filed and the surplus moneys brought into court.

Where the complainant in a foreclosure suit makes a junior mortgagee of the premises a party, the court may make a decree directing a sale of so much of the mortgaged premises as will be sufficient to satisfy the amount due on such junior mortgage and all intermediate liens and incumbrances, in addition to the amount of the complainant's mortgage and costs; and the master may be directed to ascertain the amount of such liens previous to the sale. But before such junior mortgagee can be paid, the master's report of the sale must be filed and the surplus moneys brought into court; so that other persons, who have not been made parties to the suit, may have an opportunity to file their claims to such surplus moneys, according to the provisions of the 136th rule.

THE bill in this cause was filed to foreclose a mortgage *October 6.* upon four lots, lying together, in the city of Rochester, on each of which lots there was a store. The New-York Life Insurance and Trust Company were the first mortgagees, and had two separate mortgages, of $1500 each, on undivided moieties of the premises. The complainant was the second mortgagee of the whole premises, and there was about $1100 due on his mortgage. The defendants, Suydam, Sage & Co. were the third mortgagees of the whole premisees, for about $12000; all of which was due. The Trust Company having consented that the mortgaged premises might be sold under the decree subject to the liens of their prior mortgages, Suydam, Sage & Co. the junior mortgagees, who had put in an answer setting up their mortgage, asked for a direction, in the decree, to sell the whole premises; and that the master might be directed to pay the amount of their mortgage out of the proceeds of the sale, after satisfying the complainant's debt and costs; to save to them the expense and delay of filing a new bill to foreclose their mortgage.

*D. Codwise,* for the complainant.

*D. Greig,* for the defendants, Suydam, Sage & Co.

THE CHANCELLOR decided, that on sales under decrees made subsequent to the act of May, 1840, to reduce the expense of foreclosing mortgages in the court of chancery, the surplus moneys arising upon the sale, beyond the amount of the complainant's debt and costs, and of the prior liens upon the premises, could not be disposed of, or ordered to be distributed, until after the master's report of the sale had been filed and such surplus moneys brought into court; that as judgment creditors, and others, who were not made parties to the suit, and whose liens or claims upon the mortgaged premises were subsequent to the complainant's mortgage, would be foreclosed by the sale, they must have an opportunity to come in and make their claims to such surplus, according to the 136th rule of the court; that the answer of the defendants, setting up their junior mortgage, was not evidence of the existence of that mortgage as against defendants who suffered the bill to be taken as confessed, or against incumbrancers who were not made parties; and that such incumbrancers would still have the right to insist that such mortgage was not due, or that it was junior to the judgments or decrees under which they claimed.

But the chancellor held it was proper that sufficient of the premises should be sold to satisfy the junior mortgage of Suydam, Sage & Co. without the expense of a new foreclosure suit; so far as it could be done consistently with the rights of the other incumbrancers. He therefore directed the master to inquire, preliminarily, what was due to those defendants upon the mortgage set up in their answer, and what was due upon all prior liens upon the mortgaged premises subsequent to the complainant's mortgage, and then to sell enough of the premises to satisfy the amounts thus ascertained, as well as the complainant's debt, and costs; and to bring into court all the surplus

moneys arising upon such sale, beyond the amount due to the complainant; to abide the further order of the court, after the master's report of the sale had been made and filed.