JAMES ELLIS, Plaintiff in Error, *v.* ROBERT SOUTHWELL, Defendant in Error.

ERROR TO SCOTT.

It is the practice in foreclosing a mortgage, to make all incumbrancers parties, and for the decree of foreclosure to ascertain and settle the rights of all the parties, to decree the payment of the mortgage debt, and on default the sale of the mortgaged premises, and the application of the proceeds to the payment of each incumbrancer, according to priority. But on such sale, the surplus remaining after payment of the mortgage debt, may be disposed of, on application, to an incumbrancer not a party to the suit, if it appears that he is entitled in equity to receive it.

If he does not file a cross-bill, he should establish his claim on the trial, or before the master, on a reference.

ROBERT SOUTHWELL, defendant in error, filed his bill to the October term, 1860, of Scott Circuit Court, to foreclose a mortgage made by the defendant, on land described therein, to secure $1,000. Making also Weinhagen & Hornbostle, St. Louis, W. W. Chapman, of Scott county, and Thomas Ellis and wife of Pike county, subsequent mortgagees, co-defendants.

Amended bill of Southwell, praying decree for his debt and sale of mortgaged premises in usual form, against same parties as in original bill, and one Whitehurst, filed April term, 1861.

Defendant Chapman below disclaims by answer, and bill was dismissed as to him.

Weinhagen & Hornbostle file answer, at the same term, setting up a subsequent mortgage on the same premises, to secure $583.56, due them on note of complainant in error.

Default entered against James Ellis and wife (complainants in error), and against Thomas Ellis.

Weinhagen & Hornbostle file at same term, their cross-bill, praying in usual form for foreclosure of their subsequent mortgage, exhibiting mortgage and note, and making complainant in error and his wife, William W. Chapman, Robert Southwell (defendant in error), Thomas Ellis, and Jesse G. Whitehurst, defendants.

Weinhagen & Hornbostle's mortgage before referred to, and note by copy.

No answers are filed to cross-bill, no default taken, and no notice taken of the cross-bill; no evidence produced except the copies of notes and mortgages exhibited in favor of Southwell, and in favor of Weinhagen & Hornbostle. No evidence was introduced or exhibited by defendant, Thomas Ellis.

The court decreed in favor of defendant in error, $1,098.42, and subject thereto, to Weinhagen & Hornbostle, $722.15, to to be paid in thirty days from adjournment, and in default that the mortgaged premises be sold, etc., and proceeds applied, first, to satisfy the decree of defendant in error; second, to satisfy the decree in favor of Weinhagen & Hornbostle; and third, that the master in chancery apply any overplus to any indebtedness that said James Ellis may owe the said Thomas Ellis on any incumbrance on said premises herein described.

The premises were sold for $1,154.85, defendant in error being purchaser, and certificate executed.

The errors assigned are :

The court erred in rendering a decree upon the evidence disclosed by the record.

The court erred in rendering a decree in favor of Thomas Ellis, without proof, and without anything in the record to justify such decree.

The court erred in rendering a decree in favor of Wein-

hagen & Hornbostle, upon their cross-bill, without entering the default of the defendants thereto, and without legal proof of their claim.

KNAPP & BURR, for Plaintiff in Error.

No decree can be rendered upon a bill in chancery, except upon confession appearing of record, or upon proof; when upon proof, the evidence must be produced. Decree of Weinhagen & Hornbostle is therefore erroneous.

A defendant cannot have a decree granting him affirmative relief without asking it by cross-bill. Decree in favor of Thos. Ellis is therefore erroneous.

HAY & CULLOM, for Defendant in Error.

It sufficiently appears, upon a reading of the whole decree, that the cause came on for hearing upon the bill, answers, cross-bill, exhibits and evidence in the cause, that the defendants had been ruled to answer, and made default. The default is not specifically stated to have been both to the original and cross cause, but by fair intendment the court must so take it—and it recites that evidence was heard.

The second error is not well assigned, and can avail nothing.

It may be admitted that there was error in the court ordering the surplus on the sale of the mortgaged property to be paid to a party who had established no right to it; but this has not injured the plaintiff. The report of the sale shows there was no surplus. And if error at all, it does not vitiate the whole decree, but only *pro tanto*. And even a partial reversal should be without costs, as it has in nowise injured the plaintiff.

WALKER, J. It is urged, that the cross-bill filed by Weinhagen and Hornbostle, was not taken as confessed, and that it was irregular to decree them relief, unless it was proved or confessed. It is a sufficient answer to say, that complainants recognize their mortgage in the bill, the mortgagor admits its validity by the default on the original bill, and no reason is perceived, why there should be a cross-bill filed,

when all of the facts in the case stand confessed by all the parties to the record. The defendants to the original bill admit, that complainant has the mortgage described in the bill, that it was a prior lien on the premises, and as no fact in the case was controverted, it would be an useless act to try facts not disputed. All that was necessary, was for the court to ascertain the amount due on the several mortgages, and order their payment out of the proceeds of the sale of the premises, in the order in which the liens attached.

It seems to be the practice, on a bill to foreclose, to make all incumbrancers parties. And upon passing a decree of foreclosure, to ascertain and settle the rights of all parties, decree the payment of the mortgaged debt, and on default a sale of the premises, and the application of the proceeds in satisfaction of each incumbrance, according to priority, and a payment of any surplus to the mortgagor. This too whether junior mortgagees shall or shall not file cross-bills. The sale is as effectual, if made under the foreclosure of the first mortgage, to cut off all subsequent mortgages, as if upon a foreclosure of all the incumbrances. Where the sale is made under the foreclosure of one of several mortgages, the only question is as to the equitable distribution of the proceeds. And the surplus might be disposed of on application, to an incumbrancer not made a party to the suit, if it appeared that, in equity, he was entitled to receive the fund. If the defendants fail to file a cross-bill, they should establish their claims on the trial, or before the master on a reference. 2 Barb. Ch. Pr. 184; *Beekman* v. *Gibbs,* 8 Paige, 511.

In this case, all the parties were before the court, and the decree was regular and fully authorized, on the bill and answers, without regard to the cross-bill. Had the mortgagor paid complainant's debt before sale, there would not have been any regular decree, for a sale, for the satisfaction of the junior mortgage. To obtain relief against the mortgagor by a foreclosure on their mortgage, they should have had a trial or default on their cross-bill. But in this case the sale was made under the foreclosure of complainant's mortgage, which appears to have been regular, and the only question was as to

the application of the proceeds of the sale, and no error is perceived in applying any surplus to the payment of Weinhagen and Hornbostle.

The record fails to show, that Ellis ever established his claim, or that it was ascertained by the court. It was error to have decreed its payment until its validity and amount were ascertained. If a surplus had remained after paying the prior mortgages, and it had been asked of the court, a reference to the master might have been had, to ascertain whether he was entitled to participate in that fund. But we see from the record, that the sale did not yield a sufficient sum to pay the first and second mortgages, and consequently Ellis has no right to participate in the fund. No injury can result from the decree, and we therefore deem it unnecessary to reverse it, but shall so modify it, as only to decree the payment of complainant's, and Weinhagen and Hornbostle's mortgages.

*Decree modified.*