MARGARETTA P. BARNES, APPELLANT, *v.* SARAH JANE STOUGHTON AND CHARLES STOUGHTON, HER HUSBAND, RESPONDENTS, IMPLEADED WITH WILLIAM DOUGHERTY AND JOHN A. CURRIER, APPELLANTS.

*Sale of mortgaged premises — power of court to direct sale of all the property for benefit of subsequent incumbrancers.*

In an action to foreclose a mortgage, upon the written application by the owner of the equity of redemption, and of all the parties to the action, including all persons who, at the time of the filing of the *lis pendens*, had liens upon the property, subsequent to that of the plaintiff, the court may order that all the premises be sold in parcels (though a portion thereof is of sufficient value to pay up the amount due the plaintiff), not only for the benefit of the plaintiff, but also for that of all subsequent incumbrancers and the owner of the equity of redemption.

APPEAL from an order made at the Special Term, reversing an order directing the manner in which the mortgaged premises described in the complaint in this action should be sold.

*James R. Marvin,* for the appellant Barnes.

*John A. Mapes,* for the appellants Dougherty and Currier.

*Dennis McMahon,* for the respondents.

BARNARD, P. J.:

The order should be reversed. The action was commenced to foreclose a mortgage for $10,000, held by the plaintiff upon certain lands described in it. There were very numerous subsequent liens, some by mortgage and others by judgment. The original decree followed the usual form and directed the sale of the mortgaged premises, or such part thereof as should be sufficient to pay the mortgage debt and costs. After a sale under this decree, and after it had been set aside, because not made in parcels, all the parties to the action, including all who had existing liens at the filing of the notice of pendency of this action, made a written stipulation that the decree should be amended so that it should direct "that all of the premises be sold not only for the benefit of plaintiff, but also for all subsequent incumbrances and the said Sarah Jane Stoughton, the owner of the equity of redemption." The decree was amended on the 26th June, 1873, and a sale of all the property in parcels made.

At the sale, one of the purchasers declined to take title to two of the lots or parcels sold, known by the numbers 10 and 16. The purchaser was relieved from her bid, because no mention was made of a right of the public to include a portion thereof in a street. The action is now in this position: All the lands have been sold under this amended decree, except two parcels. The land sold has realized more than enough to pay plaintiff her mortgage and costs. It has not realized sufficient to pay all the liens on it represented by the parties signing the stipulation, and will not, if the two remaining pieces are sold for the extreme value claimed therefor by the owner of the equity of redemption.

By the order in question, the court, at Special Term, set aside and vacated the order amending the decree of June 27, 1873. This seems, from the provisions of the order, to have been done upon the ground that the court had no power to sell premises, except to pay the mortgage debt. The sale, so far as made, is legalized by a declaration in the order that Mrs. Stoughton is estopped from moving to set aside the sales already made; I think the court had the power to make the amended decree in question. It is given by statute. (2 R. S., 193, § 165.) By this statute power is given the Court of Chancery, if the mortgaged premises are so situated that the sale of the whole will be most beneficial to the parties, the decree may, in

the first instance, be entered for the sale of the whole. This power was exercised in *Beekman* v. *Gibbs* (8 Paige Ch., 511).

In an action to foreclose a mortgage, where a junior mortgagee was a defendant, the court ordered a sale to cover the plaintiff's debt, and all liens between it and the junior mortgagee including it. In this case (as appeared in *Livingston* v. *Meldrum* (19 N. Y., 440) the decree was amended after the plaintiff's mortgage, debt and costs had been paid by sale of part of the premises. Application was made on the part of an alleged mechanic's lienor to sell the remaining premises, and upon consent being given by the parties it was so ordered. The power of the court was upheld.

Order reversed, with costs and disbursements.

GILBERT, J., concurred. DYKMAN, J., not sitting.

Order reversed, with costs and disbursements.