### THOMAS R. ARMSTRONG

### *v.*

### HENRY WARRINGTON *et al.*

*Filed at Ottawa November 17, 1884.*

CROSS-BILL—*decree of foreclosure—as to surplus—to junior mortgagee without cross-bill.*   On bill to foreclose a prior mortgage, in case of a sale the junior mortgagee will be entitled to the surplus, after satisfying the first mortgage, upon his answer alone, disclosing his interest, without filing a cross-bill.

WRIT OF ERROR to the Appellate Court for the First District ;—heard in that court on writ of error to the Circuit Court of Cook county ; the Hon. W. W. FARWELL, Judge, presiding.

Messrs. G. W. & J. T. KRETZINGER, for the plaintiff in error :

To obtain affirmative relief a defendant must file a cross-bill.   *White* v. *White,* 103 Ill. 440 ; *Tarleton* v. *Vietas,* 1 Gilm. 470 ; *Edwards* v. *Helm,* 4 Scam. 143 ; *McConnell* v. *Hodson,* 2 Gilm. 640 ; *Mason* v. *McGirr,* 28 Ill. 322 ; *McCagg* v. *Heacock,* 42 id. 153.

The answer of defendant Sarah J. Armstrong being purely a defensive one, to defeat a foreclosure, it was error to decree her affirmative relief.

This court has held that a defendant, after fully answering the bill, may state facts upon which to pray for affirmative relief, making his pleading both answer and cross-bill, (*Thielman* v. *Carr*, 75 Ill. 389, *Purdy* v. *Henslee*, 97 id. 394,) though the contrary is held in *McConnell* v. *Hodson*, 2 Gilm. 640.

Messrs. Abbott & Johnson, for the defendants in error:

Thomas R. Armstrong was not entitled to notice of the taking of the evidence before the master, being in default. *Moore* v. *Titman*, 33 Ill. 366.

On bill to foreclose, the practice is to ascertain and settle the rights of all persons, and direct the application of the proceeds of the sale, in satisfaction of each incumbrance, according to priority,—and this, too, whether junior mortgagees shall or shall not file cross-bills. *Ellis* v. *Southwell*, 29 Ill. 552; *Walker* v. *Abt*, 83 id. 226.

Mr. Justice Mulkey delivered the opinion of the Court:

The principal question involved in this case, and, indeed, the only one we deem of sufficient importance to notice, is, whether one holding a junior mortgage, who has been brought into court upon a bill to foreclose a prior mortgage, will, upon answer disclosing his interests, be entitled, in the event of a sale of the mortgaged premises, to have the surplus, after satisfaction of the prior mortgage, applied to the payment of his own, without filing a cross-bill. This question must be answered in the affirmative. It is not a new one in this court, and so far as we are advised the ruling upon it has uniformly been in conformity with the conclusion just stated. *Ellis* v. *Southwell*, 29 Ill. 552; *Walker* v. *Abt*, 83 id. 226; *Sales* v. *Shephard*, 99 id. 621.

The judgment of the Appellate Court which is sought to be reversed by the present writ of error being in conformity with this view of the law, is therefore affirmed.

*Judgment affirmed.*