# ANDREW DILLMAN AND MARY H. DILLMAN, IMPLEADED, ETC.,

### v.

## THE WILL COUNTY NATIONAL BANK.

*Mortgages—Foreclosure—Judgment Creditor Made Defendant—Homestead— Oath of Commissioners Administered by Notary—Affirmative Relief not Granted without Cross-bill.*

1. Where a bill was filed to foreclose a trust deed and it appeared upon hearing that the lien of a judgment creditor (who had been made defendant) was superior to that of the mortgagee to the extent of part of the mortgage indebtedness, it was proper for the court, under the circumstances presented, to enter a decree providing that out of the proceeds of the sale the judgment debt should be paid, regard being had to the priority of the several portions of the indebtedness, although such judgment creditor had not filed a cross-bill. So far as the relief granted to the judgment creditor was affirmative, it was merely incidental to the relief granted to the complainant.

2. The oath of office may be administered to commissioners selected to set off a homestead by a notary public.

[Opinion filed December 8, 1890.]

IN ERROR to the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Mr. GEORGE S. HOUSE, for plaintiffs in error.

Messrs. HILL & HAVEN, HALEY & O'DONNELL and EGBERT PHELPS, for defendant in error.

LACEY, J. This was a suit by defendant in error to foreclose a trust deed given by plaintiff in error, Andrew Dillman, to Henry C. Knowlton, trustee for appellee, to secure certain notes given to appellee by plaintiff in error, subject to Mary A. Dillman's right of dower, amounting at the time of foreclosure to $9,493.87; also to secure advances to be made by defendant in error to plaintiffs in error, Andrew Dillman, and which were made and at date of foreclosure amounted to

$5,830.29.   One John W. Nadelhoffer was made party defendant to the foreclosure and as it appears from the bill and his answer, he was judgment creditor to said Andrew Dillman in a balance of judgment, unpaid to the amount of $8,647.49, as of date May 19, 1886, with legal interest thereon.   One object of the bill was also to set off to Andrew Dillman his homestead right in the premises, which consisted of certain lots in the city of Joliet, Will county, Ill., upon which was a dwelling, occupied by Dillman as a homestead, if the same could be done without manifest prejudice to the interests of the parties.

The defendant Nadelhoffer answered the bill and claimed that his judgment was a paramount lien on the real estate in question to the trust deed, and asked in his answer that the premises be sold to pay the judgments, but on the evidence being procured it appeared that his judgment was only paramount to the amount of the advances made by defendant in error to Dillman, under the provisions of the deed after its execution, amounting to $5,830.29, but was subject to the amount due defendant in error at the date of the trust deed, and with interest at the time of the foreclosure, amounting to the sum of $9,493.87, as aforesaid.

The decree, after finding the amount due defendant in error and ordering it to be paid within a certain time, further or dered the master in chancery, in case of default in payment to proceed according to law to summon three householders as commissioners who should, upon oath to be administered to them by the master, or any officer authorized by law to administer oaths, appraise the value of the premises, and if, in the opinion of said commissioners, said premises may be divided without injury to the interests of the parties, so as to set off a homestead, etc., of the value of $1,000, they should set off such homestead, and the residue of the premises should be advertised and sold.   If such homestead could not be set off without injury to the parties, then the master should advertise and sell the premises, or so much thereof as should be sufficient to satisfy the complainant (defendant in error) and John W. Nadelhoffer's judgment; but of the proceeds of the

sale it was ordered that the costs be first paid, then $1,000 homestead money to A. Dillman, and the balance on the amounts found due on the trust deed and Nadelhoffer's judgment in the order of the respective liens as above stated, and that all parties be barred from the equity of redemption, etc., if the premises sold were not redeemed according to law. This writ of error is sued out of this court by plaintiffs in error, and several causes are assigned for error. First, it is insisted that the court below erred in decreeing affirmative relief to John W. Nadelhoffer as to his judgment when he had filed no cross-bill asking for such relief.

That the decree was erroneous in ordering that any officer authorized by law to administer oaths might qualify the commissioners by administering oaths, and that a notary public who administered the oath had no authority in law so to do. It is also insisted that the amount of Nadelhoffer's claim was not sufficiently found by the decree; that by the decree Mary H. Dillman's inchoate right of dower was barred. But the main point relied upon is that the court erred in granting affirmative relief to John W. Nadelhoffer on his answer alone.

It is true the decree orders the master in chancery to make sale of so much of the premises as will be sufficient to "realize the amount so found due to the complainant and said John W. Nadelhoffer in and by" the decree. We do not understand, however, from a reading of the entire decree, that it was the design of the court to grant Nadelhoffer any affirmative relief independent of the defendant in error. The decree expressly conditions the sale upon the failure of plaintiffs in error to pay the amount of the trust deed found due it without including the judgment of Nadelhoffer. If the trust deed had been paid off according to the decree Nadelhoffer could not have had a sale. It was only in connection with the sale to satisfy the trust deed that Nadelhoffer could have any relief and that alone resulted incidentally on account and in consequence of the relief granted the defendant in error.

It is suggested by counsel for plaintiffs in error that the

decree should have provided for the sale of so much of the premises as would pay that portion of defendant in error's decree that was a superior lien to the judgment, and as to the other a sale should be made subject to the judgment lien of Nadelhoffer. This would have been a very unsatisfactory foreclosure. The lots being sold with such an incumbrance as that, might not, in the opinion of the judge, be for the best interest of defendant in error, and as Nadelhoffer had expressed a wish that the lots should be sold with a clear title, and defendant in error also wishing them to be sold in the same way, that he might realize the full value of them, it was proper and legal, as we think, for the court to grant such relief to defendant in error, irrespective of the consideration that Nadelhoffer would gain some incidental relief. Nor can we see how plaintiff in error is in the slightest degree injured. His property would sell better if the purchaser could get a clear title, and defendant in error had an undoubted right to have it sold in such a way as to produce the greatest sum to apply on his subsequent lien under the trust deed. Defendant in error had a right to have the lots sold to satisfy his trust deed, not a mere equity of redemption. Nadelhoffer was a party consenting by his answer and whether he had consented or not the court had the power in protecting the rights of all the parties to decree a sale of the lots, free of incumbrance, if desired, by defendant in error. This is much stronger than those cases where the incumbrances are junior to the mortgage, which have been cited to us.

The relief then complained of must be regarded in a legal sense as granted to the defendant in error and not to Nadelhoffer.

The sequel shows that the property only sold for $17,000; enough only to pay off the first lien of the trust deed and only a portion of Nadelhoffer's judgment, which clearly justifies the decree of the court, if any were needed. It is said by the court in Ellis v. Southwell, 29 Ill. 549, that "it seems to be the practice on a bill to foreclose to make all incumbrancers parties, and upon passing a decree of foreclosure to ascertain

and settle the rights of all the parties, decree the payment of the mortgage debt, and in default, a sale of the premises and the application of the proceeds in the satisfaction of each incumbrance according to property, and the payment of any surplus to the mortgagor. This, too, whether junior mortgagees shall or shall not file cross-bills. The sale is as effectual if made under the foreclosure of the first mortgage to cut off all subsequent mortgages as if upon a foreclosure of all incumbrances," etc. See also, Soles v. Shepard, 99 Ill. 616; Derrick v. Lamar Ins. Co., 74 Ill. 404; Crocker v. Lowenthal et al., 83 Ill. 579; Walker et al. v. Abt et al., 83 Ill. 227; Armstrong v. Warrington et al., 111 Ill. 430; Land Co. v. Peck et al., 112 Ill. 408. We do not understand that Mrs. Dillman's right of dower is barred, if hereafter, by the death of her husband, Andrew Dillman, she acquires one. The decree finds that the mortgage was subject to such right, and her inchoate right of dower was not in question, and the decree did not attempt, and as we think, did not touch or bar it. We think the decree was specific enough in finding the amount of Nadelhoffer's judgment. It was not intended to merge the judgment in the decree. When it comes to be paid the interest would be computed on the judgment, and its amount and date and credit to which it was entitled were clearly stated, and was sufficient information for the masters in making the sale. The other point made by plaintiff in error as to the right of a notary to administer an oath to commissioners to assign dower we noticed in Dillman v. Will Co. Nat. Bank & J. W. Nadelhoffer, 36 Ill. App. 272. We there held that a notary had such power. We refer to that case and authorities there cited. The case of Campbell v. Whetstone, 3 Scam. 361, cited by counsel for plaintiff in error, is not in point. There is no such act of the Legislature in force requiring any specific officer to administer an oath in cases of the assignment of a homestead like the case at bar. Finding no error in the record the decree of the court below is affirmed.

*Decree affirmed.*