Andrew Dillman *et al.*

*v.*

The Will County National Bank.

*Filed at Ottawa June 15, 1891.*

1. Chancery—*relief upon answer*—*adjusting priority of liens*—*on foreclosure.* A mortgagee, on foreclosure, has the right to have the priority of the liens upon the property determined under his bill, and a decree of their payment in their order, without any cross-bill by the other lienholders, as a necessary incident to the relief sought by the mortgagee.

2. Same—*affirmative relief on answer of creditor.* On bill to foreclose a mortgage against the mortgagor and a judgment creditor, wherein the latter, by his answer, claimed priority of lien, the court, on decree of foreclosure, directed a sale, and the payment, first, of the costs; second, the sum due on the notes secured by the mortgage; third, the amount due on the judgment; and lastly, the sum due the mortgagee for advances made under the mortgage : *Held*, that the relief to the judgment creditor was only incidental to and inseparable from the relief to the mortgagee, and was therefore necessarily allowable upon his answer alone.

3. Homestead—*commissioners to set off, how appointed*—*oath administered.* Where a court of equity, in a suit to foreclose a mortgage, appoints commissioners to set off a homestead, it will have the power to direct that they take an oath for the performance of their duties before any officer empowered by law to administer oaths.

Appeal from the Appellate Court for the Second District ;—heard in that court on writ of error to the Circuit Court of Will county ; the Hon. Dorrance Dibell, Judge, presiding.

Mr. George S. House, for the appellants :

It was error to decree affirmative relief on Nadlehoffer's answer. *Crocker* v. *Lowenthal*, 83 Ill. 579.

When a sale is ordered to produce money, the decree should find the amount due at the date of rendition. *Aldrich* v. *Sharp*, 3 Scam. 263; *Barstow* v. *McLachlan*, 5 Bradw. 96.

The decree bars Mary H. Dillman of all claim and right of dower.

A notary public had no power or authority to administer the oath to the commissioners selected to assign the homestead.

Messrs. HILL & HAVEN, Messrs. HALEY & O'DONNELL, and Mr. EGBERT PHELPS, for the appellee :

In foreclosing a mortgage where junior mortgagees and incumbrancers are parties defendant, a cross-bill is unnecessary, unless affirmative relief is sought. The foreclosure of the prior mortgage affords relief to all subsequent incumbrancers, as they have the right, when parties defendant, to participate in the distribution of the surplus. *Sales* v. *Sheppard*, 99 Ill. 616 ; *Ellis* v. *Southwell*, 29 id. 549 ; *Derrick* v. *Insurance Co.* 74 id. 404 ; *Walker* v. *Abt*, 83 id. 226 ; *Crocker* v. *Lowenthal*, 83 id. 579 ; *Labadie* v. *Hewitt*, 85 id. 341 ; *Sharer* v. *Williams*, 87 id. 469 ; *Edgerton* v. *Young*, 43 id. 464 ; *Armstrong* v. *Warrington*, 111 id. 430 ; *Land Co.* v. *Peck*, 112 id. 408.

The decree does not affect the dower right of any of the plaintiffs in error. *Blain* v. *Harrison*, 11 Ill. 384 ; *Johnson* v. *Montgomery*, 51 id. 185.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The Will County National Bank had a mortgage on real -estate belonging to Andrew Dillman, and occupied by him as a homestead, to secure the payment of promissory notes for $9493.87, and advances to the amount of $5830.29. John W. Nadlehoffer had a judgment lien against the same real estate for $8647.49. Bill in chancery was filed by the bank, in the circuit court of Will county, against Dillman and his wife and Nadlehoffer, praying for a foreclosure of its mortgage, the setting off of homestead and a sale of the mortgaged premises. Nadlehoffer answered, claiming that his lien was paramount to that of the bank. On the hearing, decree was rendered that the mortgage be foreclosed, appointing commissioners to set off homestead, directing a sale of the mortgaged property after homestead should be set off, and that the pro-

ceeds of the sale be applied, after payment of costs, first, to the payment of the amount due upon the notes secured on the mortgage; second, to the payment of the amount due Nadlehoffer upon his judgment; and third, to the payment of the amount due for the advances secured by the mortgage. The Appellate Court for the Second District affirmed this decree. It is now contended here as it was contended in the Appellate Court, and the same arguments that were filed there are refiled here in support of the contention: First, that it was error to grant Nadlehoffer affirmative relief on his answer, alone, he having filed no cross-bill in the case; second, that the commissioners to assign homestead were not sworn before the proper officer; and third, that the decree erroneously cuts off the right of dower of Dillman's wife.

We concur in the judgment of the Appellate Court, and refer to the reasoning in support thereof as found in the opinion filed in the case as a sufficient answer to the arguments by appellants' counsel, (*Dillman et al. v. Will County Nat. Bank,* 36 Ill. App. 272,) and we deem it necessary to add only—

*First*—The bank was entitled to have its mortgage foreclosed, and the priority of the liens upon the property determined, under the bill which it filed. (*Ellis v. Southwell,* 29 Ill. 549; *Sales v. Sheppard,* 99 id. 616.) The relief to Nadlehoffer was only incidental to and inseparable from the relief to appellee, and was, therefore, necessarily allowable upon his answer alone. See cases *supra.*

*Second*—These commissioners were appointed by the court of equity, and not by an officer having an execution, as provided by section 10, chapter 52, of the Revised Statutes of 1874, and they were therefore not required to take an oath before the person therein designated. The court of equity unquestionably had power to direct that they take an oath for the performance of their duties; before any officer empowered by law to administer oaths generally, and notaries public are thus empowered. Rev. Stat. 1874, sec. 2, chap. 101.

*Third*—The decree does not assume to divest the wife of Dillman of her inchoate right of dower, and it is impossible that it can have that effect.

The other objections, in the arguments, to the decree below, are in our opinion trivial, and demand no answer.

The judgment is affirmed.

*Judgment affirmed.*