E. W. BLATCHFORD & CO. *et al.*

*v.*

MARVIN BLANCHARD *et al.*

| 160 | 115 |
|-----|-----|
| 85a | 202 |
| 160 | 115 |
| 99a | 55 |
| 160 | 115 |
| 194 | 212 |
| 100a | 107 |

*Filed at Ottawa October 11, 1895—Rehearing denied March 10, 1896.*

LIENS—*of contractor—purchase of half interest in property not a release.*
A mechanic's lien in favor of contractors for the erection of a building is not released or merged by their acquiring the undivided half interest of one of the owners, where they took title solely to enable them to get a loan and complete the building, and not as a discharge of such owner from liability.

*Blatchford & Co.* v. *Blanchard,* 57 Ill. App. 518, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. S. P. McCONNELL, Judge, presiding.

Albert C. Berndt, on December 1, 1890, purchased of Marvin Blanchard lots 24 and 25, Gibson's subdivision of block 12 of canal trustees' subdivision of section 7, town 39, range 14, east, located on the south-west corner of Hoyne avenue and Huron street, in the city of Chicago, giving to Blanchard a mortgage for the greater part of the consideration. On the 18th of the same month Berndt sold a half interest therein to Willard P. Alward. In February of the following year contracts were made with Carl Armknecht and Frank Jaktorowski, contractors and builders, for the cut-stone work, plastering and carpenter work for five buildings proposed to be erected on these lots. Work was begun and continued under the building contracts until completed, about December 20, 1892. During this time quite a number of judgments were obtained by creditors of Alward and Berndt against them, one of them being in favor of E. W. Blatchford & Co. The owners of the property were insolvent and without credit, and were unable to make contracts for the iron work for the buildings when it was necessary to

be done, and this caused delay. To expedite the construction, Armknecht and Jaktorowski also undertook to provide for the doing of that work. The owners failed to pay for the work and material at the times and in the manner provided by the terms of the contracts. The contractors, being left with the unfinished buildings on their hands, then sought to get a deed from the owners for the premises, to enable them to obtain a loan upon the property and complete the work. They were successful in getting a deed from Alward for his undivided half on September 19, 1891, but Berndt refused to convey. In due time after the work was completed mechanic's lien statements were filed by Armknecht and Jaktorowski.

This proceeding was begun by Blanchard, the original owner of the property, by filing his bill in the circuit court of Cook county to foreclose his purchase-money mortgage, and Berndt, Alward, as grantee of Berndt, the contractors, as lienors, and certain judgment creditors, were made parties thereto. Armknecht and Jaktorowski filed answers, in which they fully set forth their claim for mechanic's liens. They also asked that if, for any reason, they were not entitled to mechanic's liens, they might be allowed an equitable lien against the property for work done, as co-tenants of Berndt and Alward. The aggregate incumbrance against the property in the way of mechanic's liens, judgments, mortgages, etc., amounted to about $24,000, and the value of the property, as found by the master, was but $18,000. On a final hearing of the cause a decree was rendered granting to the contractors, Armknecht and Jaktorowski, mechanic's liens against the premises, and ordering a distribution of the proceeds from a sale of the property, first, to pay the mortgage of Blanchard; next, a mortgage which had been given by Alward before the making of the builders' contract; next, the sub-contractors of Armknecht and Jaktorowski having liens; then the payment of the liens of Armknecht and Jaktorowski, and lastly the judgment

creditors.   E. W. Blatchford & Co., Berndt and Alward appealed to the Appellate Court for the First District, and the decree below having been affirmed there, the cause is brought to this court on writ of error.

WEIGLEY, BULKLEY, GRAY & EASTMAN, for plaintiffs in error.

HERVEY H. ANDERSON, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The contention of plaintiffs in error is, that the trial court erred in giving the claim of Armknecht and Jaktorowski, contractors, priority over them as judgment creditors.   The contractors base their claim upon two grounds:   First, that they have valid mechanic's liens under the statute; and second, that they are entitled to an equitable lien for improvements made, as co-tenants of Berndt.   It will be unnecessary to consider this last ground, for the reason that, in our opinion, the first must be sustained.

Counsel for plaintiffs in error have proceeded with their argument of this cause upon the theory that the court below granted relief to Armknecht and Jaktorowski only upon the ground of their claim for equitable lien for improvements furnished as co-tenants of Berndt, and say they have no discussion to make of the claims for mechanic's liens or equitable liens, "as such relief cannot be granted upon the answer alone," no cross-bill having been filed by these parties.   We understand the relief granted in the court below was on the ground of mechanic's liens, and we think the contractors properly asked for such relief in their answers.   It is true, affirmative relief cannot be granted upon a mere answer, but an answer may also be made a cross-bill.   Thus, it is said in *Thielman* v. *Carr*, 75 Ill. 385, (on p. 389): "But after a defendant has fully answered the bill, no objection is perceived to his then stating new matter entitling him to

such relief as he would in a cross-bill, and ending with an appropriate prayer for relief." This doctrine was acquiesced in, with the explanation that the answer to be so considered should be sufficient to constitute a cross-bill if disconnected and a proper heading attached, in the later case of *Purdy* v. *Henslee*, 97 Ill. 389. But conceding that the answer was not a sufficient cross-bill, still it was sufficient to authorize the decree in the defendants' favor. To a bill to foreclose a mortgage all incumbrancers are proper parties defendant. The decree should "ascertain and settle the rights of all the parties, decree the payment of the mortgaged debt, and on default a sale of the premises, and the application of the proceeds in satisfaction of each incumbrance, according to priority, and a payment of any surplus to the mortgagor. This, too, whether junior mortgagees shall or shall not file cross-bills." (*Ellis* v. *Southwell*, 29 Ill. 549; *Soles* v. *Sheppard*, 99 id. 616; *Dillman* v. *Will County Bank*, 138 id. 282.) The prayer for mechanic's lien was properly made in this case by the answer, and there was no necessity for filing a cross-bill.

It appears from the record before us, and the court below found, that every requirement of the statute to entitle the contractors to a mechanic's lien was complied with by them. No specific objections are pointed out or relied upon by plaintiffs in error to rebut this finding of fact. The objection to the validity of their lien, insisted upon by counsel for plaintiffs in error, under the evidence, is, that they, during the progress of their work, became the purchasers of the undivided one-half interest in the property, which had the effect of releasing their claim of lien against the property. TREAT, C. J., in *Campbell* v. *Carter*, 14 Ill. 286, after examining a number of leading cases on the question of the extinguishment of lien, says (p. 290): "The conclusion from all the authorities clearly is, that if a party acquires an estate upon which he has an incumbrance, the incumbrance is, in equity, consid-

ered as subsisting, or extinguished, according to his intentions, expressed or implied. The intention is the controlling consideration, where it has been made known or can be inferred from the acts and conduct of the party, and the court will look into all of the circumstances of the case to ascertain his real intention. If it appears that he intended to discharge the incumbrance and rely exclusively upon his newly acquired title, the incumbrance is regarded as extinguished, and cannot afterwards be set up to strengthen and support that title. If no intention has been manifested, equity will consider the incumbrance as subsisting or extinguished, as may be most conducive to the interests of the party. If no evidence of his intention appears, and it is a matter of indifference to him whether the incumbrance be kept alive or not, it is regarded as extinguished." See, also, *Jarvis* v. *Frink*, 14 Ill. 396; *Weiner* v. *Heintz*, 17 id. 259; *Richardson* v. *Hockenhull*, 85 id. 124, and cases cited; *Shippen* v. *Whittier*, 117 id. 282.

Applying these principles here, we must, from the facts and circumstances of this case, gather from the intention of the parties whether Armknecht and Jaktorowski, by receiving a deed to the half of the premises in question, discharged their lien. If it was so intended, the judgment of plaintiffs in error must be held a prior lien against the property; otherwise not.

Counsel for plaintiffs in error insist that the real consideration for the making of the deed was the release of Alward from all further liability on the contracts made in February, 1891, and a discharge of the lien; but defendants in error say the conveyance was solely for the purpose of enabling them to get a loan upon the property, rendered necessary by the default of the owner and through no fault of theirs, to complete the unfinished buildings. Jaktorowski testifies that such was the sole purpose of receiving the deed. Alward had put no money in the property. He and Berndt had gotten the contract-

ors into an embarrassed condition by not paying them for labor and materials when the same became due. They were unable to proceed with the work without funds, and the owners could raise no money to pay them, having no credit themselves and the title of the property not being one acceptable as security for a loan. Anderson, the attorney for the contractors, and with whom they were acting in the matter of this conveyance, testifies: "Finally it became very certain that they (Alward and Berndt) could not get any loan from anybody, and that therefore they could not pay Armknecht and Jaktorowski, and then it was proposed that we should get deeds from them if we could and endeavor to straighten up the title, and Armknecht and Jaktorowski would then make the loan." And again, in answer to the question, "Do I understand that there was no agreement between you that when this deed was received and accepted that he should be released from any liability to your clients for work done?" he testified: "Absolutely none; that was the very rock that I endeavored to avoid." From the evidence it further appears that the contracts out of which the mechanic's liens grew were not canceled or delivered up to Alward and Berndt. There was no agreement between the parties that the mechanic's liens should be discharged, and we think it clear the parties did not intend the contractors should be paid by the conveyance of the undivided one-half of the premises. In effect the court below found that Armknecht and Jaktorowski took the title simply to enable them to get a loan and complete the buildings, and from the whole record we think it clear that it was justified in that finding.

There is no equitable ground upon which Alward and Berndt, or their judgment creditors, can object that these contractors be paid for the work and materials which they have placed upon the premises. They are in no position to complain. The contractors complied in every particular, so far as the record shows, with the terms of

their contract,—a contract which was made and work begun thereunder prior to the rendering of the judgments. They have complied with the requirements of the statute in and about perfecting their lien.

We think the decree of the circuit court is equitable and just, and fully authorized by the evidence, and the judgment of the Appellate Court affirming that decree will be affirmed.