### Anna C. Powell et al. v. Judson Starr et al.

1. CHANCERY PRACTICE—*When a Cross-Bill is Unnecessary—Deficiency Decrees.*—When a junior incumbrancer is made a party to a foreclosure proceeding, a cross-bill is unnecessary to entitle him to a participation in the surplus.

2. SAME—*When a Party is Entitled to Affirmative Relief.*—The general rule is that a party can not have affirmative relief without pleadings asking for it; and a junior incumbrancer, when made a party to a foreclosure proceeding, can not have affirmative relief, beyond a participation in the distribution of the proceeds of the mortgaged property, without a cross-bill asking for such relief.

Bill of Foreclosure.—Error to the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the October term, 1901. Reversed. Opinion filed January 24, 1902.

ARTHUR KEITHLEY, attorney for plaintiffs in error.

JUDSON STARR, attorney for defendants in error.

MR. JUSTICE BROWN delivered the opinion of the court.

The matter presented by this record arises out of the action of the court in entering a deficiency decree in favor of the defendants in error. In 1897 complainants in error, to secure the purchase price of some property bought by them, made three notes of $3,500 each, payable to Joseph Cox, due in one, two and three years respectively, and at the same time they made to Robert M. Cox, an entirely different person, two other notes in the sum of $3,120 each, due in four and five years respectively, and to secure these five notes they made a trust deed to Dan R. Sheen upon the property, which recited that the three notes to Joseph Cox are a preferred security, and a first and prior lien upon the property. The Joseph Cox notes contain a similar recital, and the Robert Cox notes recite that they are subsidiary to the Joseph Cox notes. Default having been made, the trustee, with Joseph Cox joining him, in 1899, filed a bill of foreclosure stating the facts as hereinbefore recited, and praying for a foreclosure upon the Joseph Cox notes. The bill recites that Robert Cox is dead and that Judson Starr and Dolly Starr are his executors, and that they, with others, were made parties defendant. All parties were defaulted except the executors, who answered denying the right of complainant to a preference, and set up that at the time the bill was filed they had not qualified as executors of the will of Robert Cox, deceased. They did not in their answer ask for a foreclosure upon their notes, and did not pray that any surplus proceeds might be applied upon them, but denied the right of complainants to a preference.

They filed no cross-bill. The cause was referred to the master, who heard proofs and found the amount of indebtedness due upon each set of notes, finding also that the notes of the executors were secondary to those of Joseph Cox. No objections were filed to the master's report. The cause proceeded to a decree which finds the amount due from Charles H. Powell and Anna Powell to Joseph Cox to be $12,477.50, and the amount due Judson Starr and Dollie Starr as executors on the Robert Cox notes to be $7,207.20.

It is further decreed that said defendants, Charles H. Powell and Anna C. Powell, pay or cause to be paid to the complainant, Joseph M. Cox, within ten days from the date of the entry of this decree, said sum of $12,477.50, and also pay the costs of this cause, and that said defendants, Charles H. Powell and Anna C. Powell, pay or cause to be paid within ten days from the date of the entry of this decree the sum of $7,207.20 to the said defendants, Judson Starr and Dolly Starr, as executors of the last will and testament of Robert M. Cox, deceased. And in all other respects the decree was in the usual form. The case stood in this condition for a long time, whereupon an agreement was entered into by all parties for a decree, which was then entered and which provided that Joseph Cox should take the property in full satisfaction of his claim, and that said trust deed should be released of record, and that the indebtedness due Robert M. Cox should be treated the same as if said real estate had been sold by the master and the time for redemption from such sale had expired.

And thereupon the court entered a deficiency decree in the usual form against the said Anna C. Powell and Charles H. Powell in favor of said Judson Starr, as executor.

It is for the purpose of annulling the deficiency decree that the writ of error is prosecuted in this case.

The only error assigned is that the court was without jurisdiction to enter a deficiency decree in the absence of a cross-bill by the holders of the junior incumbrance.

It is well settled that when a junior incumbrancer is made a party to a foreclosure proceeding a cross-bill is unnecessary to entitle him to participation in the surplus. Ellis v. Southwell, 29 Ill. 549; Soles v. Sheppard, 99 Ill. 616; Armstrong v. Warrington, 111 Ill. 430; Boone v. Clark, 129 Ill. 466; Dillman v. The Will County National Bank, 138 Ill. 282; Blatchford v. Blanchard, 160 Ill. 118; Wallen v. Moore, 187 Ill. 190.

In this case, as will appear from the stipulation and decree above referred to, there was no surplus in which the holders of the Robert M. Cox notes could participate.

There was no cross-bill, and neither the answer to, nor prayer of the original bill asked for a deficiency judgment as to these notes.

None of the cases to which our attention has been called go to the extent of holding that a junior incumbrancer can have affirmative relief beyond participation in the distribution of the proceeds of the mortgaged property without a cross-bill asking for such relief.

The general rule is that a party can not have affirmative relief without pleadings asking for it.

Jones on Mortgages, Sec. 1477, and cases cited, lay down the rule that a personal judgment for deficiency can not be entered unless it is asked for in the pleadings.

The deficiency decree upon the Robert M. Cox notes was entered without authority and will therefore be reversed.