134 Ill. App.3d 943 (1985)
481 N.E.2d 332
KANKAKEE FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellee,
v.
CHARLES L. MUELLER, JR., et al., Defendants-Appellants (Patrick W. Parkinson et al., Defendants; Municipal Trust and Savings Bank et al., Defendants-Appellees).
No. 3-84-0717.
Illinois Appellate Court  Third District.
Opinion filed July 19, 1985.
Charles E. Ruch, Jr., of Petersen, Deck, Ruch & Baron, of Kankakee, for appellants.
Christopher W. Bohlen, of Blanke, Norden, Barmann & Bohlen, P.C., of Kankakee, for appellee Kankakee Federal Savings & Loan Association.
William E. Eaken, of Bourbonnais, for appellee Municipal Trust & Savings Bank.
Judgment affirmed.
JUSTICE WOMBACHER delivered the opinion of the court:
This is an appeal by Charles L. Mueller, Jr., and Sharon Mueller, mortgagors, from the circuit court's order approving a sheriff's report of sale, in this mortgage action. The court's order approved the sheriff's report of sale, wherein it was determined that Municipal Trust & Savings Bank, another defendant and holder of a junior mortgage on the mortgaged premises, was entitled to the surplus bid at the sheriff's sale.
The issue on appeal is whether the defendant Muellers, as owners *944 of the equity of redemption, were entitled to the surplus proceeds received by the sheriff at the sheriff's sale.
The pertinent facts in the record indicate that Kankakee Federal Savings and Loan Association (hereinafter Kankakee Federal) filed a mortgage foreclosure proceeding against the defendant Muellers, as well as against Municipal Trust & Savings Bank. The Muellers were named defendants, as owners of the real estate with a mortgage indebtedness owed to the plaintiff Kankakee Federal. Municipal Trust & Savings Bank (hereinafter Municipal Trust) was made a party defendant, as a result of a junior mortgage to them by the defendant Muellers, in the principal sum of $35,000.
The defendant Muellers appeared in the action, and did not deny the existence of Municipal Trust's junior lien. Municipal Trust did not answer the complaint or appear in the proceedings prior to the foreclosure sale, and were defaulted.
The decree of foreclosure found the Muellers to be the owners of the equity of redemption, and further found that Kankakee Federal was entitled to a judgment of foreclosure in the amount of $51,178.46 on the basis of their first mortgage lien. The foreclosure judgment ordered the property to be sold at public sale and Kankakee Federal be paid that judgment amount from the proceeds of sale, and further, that any surplus from the bid be paid into the court for further order.
The property was sold at public sale, and Municipal Trust was the successful bidder at the sale and bid and paid the sum of $83,118.73. The sheriff's report of sale evidenced that bid, and showed a surplus from the sale of $30,031.34.
The defendant Muellers filed an objection to the sheriff's sale, asserting that as owners of the equity of redemption, they were entitled to receive the surplus amount bid by Municipal Trust at the sheriff's sale. In compliance with the decree of foreclosure, the sheriff appeared in court, asking for directions with regard to the disposition of the surplus. At this time Municipal Trust filed its appearance, together with a verified motion showing the balance due on its junior mortgage.
At the hearing on the sheriff's motion to approve the sale and direct disposition of the proceeds, the court approved the sale and took the matter of disposition of the surplus under advisement. It later issued its memorandum and order directing the sheriff to pay the surplus funds to Municipal Trust.
From the order of the court, directing that the surplus funds be paid to Municipal Trust, the Muellers now appeal.
The law in Illinois with respect to distribution of surpluses, upon *945 foreclosure sales, was early stated by the Illinois Supreme Court in Ellis v. Southwell (1863), 29 Ill. 549, 552, wherein the court stated:
"It seems to be the practice, on a bill to foreclose, to make all incumbrancers parties. And upon passing a decree of foreclosure, to ascertain and settle the rights of all parties, decree the payment of the mortgaged debt, and on default a sale of the premises, and the application of the proceeds in satisfaction of each incumbrance, according to priority, and a payment of any surplus to the mortgagor. This too whether junior mortgagees shall or shall not file cross-bills. The sale is as effectual, if made under the foreclosure of the first mortgage, to cut off all subsequent mortgages, as if upon a foreclosure of all the incumbrances. Where the sale is made under the foreclosure of one of several mortgages, the only question is as to the equitable distribution of the proceeds. And the surplus might be disposed of on application, to an incumbrancer not made a party to the suit, if it appeared that, in equity, he was entitled to receive the fund. If the defendants failed to file a cross-bill, they should establish their claims on the trial, or before the master on a reference."
Thus, in Ellis, the court accepted adjudication of junior lienholder's rights to distribution after the foreclosure sale. See also Soles v. Sheppard (1881), 99 Ill. 616, 620.
This equitable approach to the distribution of foreclosure proceeds is evidenced as well in Central Republic Bank & Trust Co. v. Bent (1935), 281 Ill. App. 365, 373. There the court stated:
"[I]t may be conceded that if in a decree various persons are given liens, even though the property may not be sold for all of the lienors, yet if there is a surplus upon the sale of the premises, above the amount for which they were sold, other lienors in a decree for whose benefit the property was not sold might claim an interest in the surplus because such proceeds of the sale stand in lieu of the premises which were decreed to be sold."
See also Illinois National Bank v. Gwinn (1952), 348 Ill. App. 9, 107 N.E.2d 764.
The Muellers argue that by failing to appear, and being defaulted, Municipal Trust has given up its junior mortgage, and cannot assert it by way of answer after the sale has been concluded. We disagree, under the circumstances of this case. The mortgage of Municipal Trust was set forth in the initial petition filed by Kankakee Federal. Its status as a second mortgage, as well as the original balance of the loan, *946 was set forth in the petition and was admitted by way of answer by the Muellers. Moreover, the judgment of foreclosure entered by the court provided that any surplus proceeds from the sale be returned to court for directions as to distribution. This direction by the court in its foreclosure order evidences an intent to examine the matter, after the sale, and make other determinations as to application of surplus funds. Certainly, in light of the court's actions, we must reject the Muellers' contention that the order contemplated payment to them of any surplus above the primary mortgage balance. If that were the case, there would have been no need for the court to direct surplus funds be returned to the court for further determination.
While there is no question that the preferred and better procedure would be for those persons asserting liens against the property, who wish to preserve their liens, to assert them by way of answer in the original foreclosure proceeding, nevertheless, a foreclosure action is one in equity. In the instant case, where there is no dispute as to the lien of Municipal Trust, which was admitted by way of answer by the Muellers, and where the court clearly contemplated distribution of surplus proceeds, in a manner to be determined by it after the sale, in the original judgment order, we find no error in the court's determination, upon subsequent proof of a remaining balance on the junior mortgage, in ordering distribution of the surplus proceeds to Municipal Trust.
This decision is applicable specifically to the factual situation in this case. We do not condone the failure of Municipal Trust to appear and file an answer to the complaint or otherwise enter its appearance in these proceedings prior to the report of sale. Foreclosure is an equity proceeding, and it is foreseeable for a junior lienholder, such as Municipal Trust, to lose its lien priority to another more junior lienor where the latter has been diligent and not slept on its rights.
For the reasons stated, the judgment of the circuit court of Kankakee County is affirmed.
Affirmed.
HEIPLE, P.J., and SCOTT, J., concur.