JAMES SOLES

*v.*

CHARLES C. SHEPPARD.

*Filed at Ottawa May 14, 1881—Rehearing denied September Term, 1881.*

1. ATTORNEY'S FEE—*consideration for stipulation in mortgage to pay.* A stipulation in a mortgage to pay a reasonable sum for the complainant's solicitor's fee in case of a foreclosure or bill filed for that purpose, to be included in the decree, if intended as a gratuity, is without consideration; and if a cover for usury, is prohibited by the statute; and if intended to indemnify the mortgagee against the expenses of foreclosing, it will not embrace unnecessary and useless services of a solicitor, however extensive or laborious.

2. Where a bill is filed to foreclose a senior mortgage, making the junior mortgagee a party, no bill or cross-bill, or even an answer, being necessary to protect the interests of the latter and allow him to participate in the distribution of the surplus, a solicitor's fee should not be allowed to the mortgagee in the junior mortgage for filing a cross-bill, under a stipulation in the mortgage to pay the same in case of a foreclosure.

3. CHANCERY—*cross-bill not necessary by junior mortgagee on foreclosure of prior mortgage.* In foreclosing a mortgage, where junior mortgagees and incumbrancers are parties defendant, a cross-bill is unnecessary unless some affirmative relief other than a foreclosure is sought. The foreclosure of the

prior mortgage affords relief to all subsequent incumbrancers who are made parties, as they have the right to participate in the distribution of the surplus.

4. FORECLOSURE—*practice as to junior mortgagees.* A junior mortgagee, when a party to a bill to foreclose a prior mortgage, may, by mere motion, without an answer or cross-bill, have his claim referred to the master to hear evidence and report the sum due him.

5. MORTGAGE—*stipulation as to attorney's fee construed.* A provision in a mortgage, that in case of a foreclosure or a bill filed for that purpose, a reasonable sum for a solicitor's fee, to be fixed by the court, shall be included in the decree, will not embrace the case of filing an answer by the mortgagee, or cross-bill to a bill to foreclose a prior mortgage.

6. PRACTICE—*rendering decree in this court.* Where a decree of foreclosure of a mortgage was reversed as to a solicitor's fee allowed by the court, and in all other respects affirmed, a decree was entered in this court in favor of the mortgagor against the mortgagee for the amount of such fee, with six per cent interest from the date of sale.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. McKENZIE & CALKINS, for the plaintiff in error:

If the law is as this court declared it to be in *Nickerson et al.* v. *Babcock,* 29 Ill. 497, and emphatically reaffirmed it to be in *Easter et al.* v. *Boyd,* 79 Ill. 325, then a solicitor's fee, which by the terms of the contract was due only after foreclosure or after bill filed for that purpose, could not be allowed under the prayer of the cross-bill. If such is the law, then the final decree of the circuit court in this cause, which allowed Charles C. Sheppard $175 as his solicitor's fees, was " contrary to law and equity." " The final decree was for the payment of an excessive amount," and the court was influenced by improper evidence.

At all events, no law is better settled than the following: A party can not have relief under an original bill by reason of rights acquired after the filing thereof, nor will amending the bill be of any avail. 2 Daniell's Ch. Pr. 1594, and note;

Story's Eq. Pl. secs. 335 and 336, and note; *Saunders* v. *Frost*, 5 Pick. 276; *Gore* v. *Lyford*, 44 N. H. 528; *Stafford* v. *Howlett*, 1 Paige, 200; *Burke* v. *Smith*, 15 Ill. 158; *Mix* v. *Beech*, 46 id. 311.

Should this court modify the decree because of its errors, and adjust it on the basis of a *remittitur* of the $175 and interest, the defendant in error must pay the costs, both in the Appellate and in this court, because in neither has he been right. *Welch* v. *Johnson*, 76 Ill. 295; *Chauncey* v. *City National Bank*, 77 id. 563; *Nilly* v. *Halley*, 78 id. 611; *Pigley* v. *Boynton*, 79 id. 351; *Dowty* v. *Holtz*, 85 id. 525.

Mr. H. BIGELOW, for the defendant in error:

It is insisted by counsel for plaintiff in error that the solicitor's fees were not due at the time the bill was filed, and that under the rule laid down by the Supreme Court in *Nickerson et al.* v. *Babcock*, 29 Ill. 497, and *Easter et al.* v. *Boyd*, 79 id. 325, they were improperly included in the decree.

I see no reason why a person may not contract to allow judgment to be entered against him on a claim before it is due; and hence I insist, that unless the cases relied upon by plaintiff in error are exactly in point they ought not to govern the decision in this case, even should the court hold that the fees were not due before suit brought.

The agreement to pay attorney's fees is a part of the security itself, and the fees are substantially costs incident to the collection of the money secured by the mortgage. *Clawson et al.* v. *Munson*, 55 Ill. 394; *Dunn* v. *Rogers et al.* 43 id. 260.

It is proper to render judgment for attorney's fees as a part of the damages, where the power of attorney attached to a note so provides. *Keith et al.* v. *Kellogg et al.* 97 Ill. 147.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Plaintiff in error had executed a mortgage to Luther Smith, on a quarter section of land in Knox county, to secure $1300. Subsequently plaintiff in error executed another mortgage on the same land to defendant in error to secure the payment of $3000, with ten per cent interest. Smith having died, his executor, at the February term, 1876, of the Knox circuit court, exhibited his bill against plaintiff in error and defendant in error, to foreclose Smith's mortgage. Defendant in error set up in his answer his mortgage, and also that he had paid $119 to redeem the premises from a sale for taxes. He also filed a cross-bill to foreclose his mortgage, and to enforce his lien for the $119 he had paid to redeem the land from the sale for taxes, and offered to pay anything that was due on Smith's mortgage, and prayed to be subrogated to Smith's rights, and asked a reasonable allowance for a solicitor's fee, claiming $200 therefor.

At the time the cause came on for hearing, defendant in error paid to Smith's executor, and he received in open court, the amount due on the Smith mortgage. The cause then progressed to trial under the original and cross-bills, when the court rendered a decree in favor of defendant in error for the amount due on both mortgages, and also a solicitor's fee of $175, and the costs of the suit, and ordered the payment of the money thus found by the decree within thirty days, and in default of payment that the premises be sold. It appears from the record that they were sold and bid in by defendant in error in satisfaction of the decree, and the sale was reported to and approved by the court, and plaintiff in error brings the record to this court on error, and urges a reversal.

This controversy turns on a provision in the mortgage of defendant in error, which is this: "It is understood that if this mortgage shall be foreclosed, or a bill filed for that purpose for the non-payment of the interest, principal,

or any part thereof, when the same shall become due and payable, a reasonable sum for complainant's solicitor's fees, to be fixed by the court, shall be included in the decree; or in case of settlement before decree, taxed as costs."

From this stipulation it is apparent that the solicitor's fee was not intended as a gratuity, nor can we, without evidence, presume it was intended as a cover for usury. It was probably intended to indemnify the mortgagee for his expenses in employing a solicitor to file a bill and prosecute a suit to a final decree of foreclosure, if such a course became necessary; but even in that case it is not apparent that there was a consideration to support the promise. If intended as a mere gratuity, there was no consideration; if as a cover for usury, then the promise is prohibited by the statute; and if as an indemnity, the consideration is apparent. But in the view we take of the case it is not necessary to consider these questions.

Conceding that the agreement was given to indemnify defendant in error for expenses in employing a solicitor to file a bill and obtain a decree of sale, and that there was a sufficient consideration, it was undoubtedly in the minds of the parties that the services of a solicitor should have been necessary, and for the purpose of foreclosing the mortgage. It was not intended to pay a solicitor's fee for unnecessary and useless services, however extensive or laborious. It was only intended to pay for services necessary, and contributing to a decree for the sale of the land to satisfy the mortgage.

In this case the solicitor filed no bill to foreclose the mortgage. When Smith's executor filed the bill to foreclose the Smith mortgage, and made defendant in error a defendant, no bill or cross-bill, or even an answer, was necessary to foreclose. A foreclosure under that bill would produce a sale of the land, and defendant in error, even if he had not answered, could have proved his claim and been let in to have satisfaction out of the surplus. It has been held that incumbrancers not parties, may prove their claims and be

allowed to participate in the surplus.  In foreclosing a mortgage where junior mortgagees and incumbrancers are parties defendant, a cross-bill is unnecessary unless affirmative relief is sought.  The foreclosure of the prior mortgage affords relief to all subsequent incumbrancers, as they have the right when parties defendant to participate in the distribution of the surplus.  *Ellis* v. *Southwell*, 29 Ill. 549; *Derrick* v. *Lamar Ins. Co.* 74 id. 404; *Walker* v. *Abt*, 83 id. 226; *Crocker* v. *Lœwenthal*, id. 579; *Labadie* v. *Hewitt*, 85 id. 341; *Shaver* v. *Williams*, 87 id. 469; *Edgerton* v. *Young*, 43 id. 464.  This is a settled doctrine of this court, and from it there was not the slightest necessity for filing the cross-bill.

The filing of an answer and cross-bill did not fall within the terms of the stipulation, as defendant in error, on a mere motion, without an answer, could have had his claim referred to the master to hear evidence and report, which would have involved but a very trifling expense even if a solicitor had been employed, as it could occupy but little time or skill, nor would that have fallen within the stipulation.

We, from this record, are wholly unable to see that the solicitor in this case did anything within the terms of the stipulation, and there is nothing to show plaintiff in error is liable for any portion of the fee allowed by the court, and it erred in decreeing its payment.

The decree of the court, therefore, so far as it allows a solicitor's fee, $175, is reversed, but it is in all things else affirmed.  And a decree for $175, with interest at the rate of six per cent per annum, from the 27th day of October, 1877, until paid, is rendered in this court in favor of plaintiff in error against defendant in error.

*Decree modified.*