Loeb v. Fleming.

ADOLPH LOEB

v.

MARY E. FLEMING.

1. SUBROGATION.—In order to be entitled to subrogation or substitution by operation of law to the rights and interests of the senior mortgagee in lands, by redemption, the party redeeming must pay the entire amount of an incumbrance which is senio to his own estate.

2. CONVENTIONAL SUBROGATION.—It is only when the right of subrogation is the result of an express agreement that a partial payment can be considered as effecting a *pro tanto* assignment.

3. PAYMENT OF NOTES.—Where the evidence showed that the junior mortgagee began to take up the interest notes in pursuance of a determination to redeem the premises from the senior incumbrance, by paying the entire amount thereof, and she intended to do this in the exercise of a right of redemption, and not under any conventional arrangement with the senior mortgagee, and with that intention paid three interest notes, but neither paid nor offered to pay any more of the mortgage debt, and one of the notes was simply indorsed paid and surrendered to the maker, the mortgagor, and two of the notes were indorsed at the request of the maker, "Paid by and assigned to Mrs. Mary E. Fleming without recourse," and the premises were sold by the trustee, the senior mortgagee being the purchaser, and subsequently passed into the hands of a *bona fide* purchaser. *Held,* that as between the senior and junior mortgagees, the transaction in the case of the two notes was, in law and fact, a payment and not a purchase of said notes, and the assignment part of the indorsement had reference to the preservation alone of the rights of the junior mortgagee as between her and the maker.

APPEAL from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding. Opinion filed November 11, 1884.

William C. Yeaton, having made, May 29, 1877, his promissory note for $3,000, payable to his own order in three years from date, together with six coupon notes for $150 each, payable in 6, 12, 18, 24, 30 and 36 months, with interest at the rate of ten per cent. per annum after maturity, executed a deed of trust covering twenty acres of land lying in Cook county, Ill., to the appellant, Loeb, as trustee; such deed containing the usual power to sell the premises on default of payment of any of said notes. Yeaton then borrowed $3,000 of James Bolton, the notes were indorsed to him and the deed was recorded June 14, 1877, in the proper office. In June, 1878, Yeaton obtained a loan of $500 of appellee, Mrs. Mary E. Fleming, for which he gave his note payable in three years, and to secure it gave a second trust deed of the same premises March 31, 1879. Mrs. Fleming, without any agreement with Bolton but in pursuance of advice given her by her friends, that to protect herself, she would have to pay off the indebtedness for

which the first trust deed was given, furnished to Yeaton the money, and he paid and sent to her the third of the series of coupons, which was indorsed by Bolton: "Paid by Mary E. Fleming, one hundred and fifty dollars, Mar. 31, '79." She in like manner, furnished the money and Yeaton took up the fourth and fifth of said coupons which, at Yeaton's request, were respectively indorsed by Bolton: "Paid by and assigned to Mrs. Mary E. Fleming, without recourse."

When the principal note became due, Yeaton wrote to Bolton in behalf of Mrs. Fleming, asking whether the note could be extended if Mrs. Fleming would pay interest at the old rate. Bolton made no reply to Yeaton, but wrote to his agent having charge of the matter, that Mrs. Fleming would probably pay the loan in about three weeks. Nothing more having been paid, the appellant, at the request of Bolton, gave the requisite notice, and September 10, 1880, as such trustee, sold the premises, Bolton becoming the purchaser at $3,000, which was several hundred dollars less than the sum due him, and the trustee executed to him a deed, and the property has gone into the hands of *bona fide* purchasers.

The appellee, Mary E. Fleming, filed her bill in equity against Bolton, Loeb, the trustee, and appellant and other persons, purchasers of the premises, claiming to be the actual assignee of said three coupon notes paid by her, and for a *pro tanto* subrogation. The case was heard upon pleadings and proofs, and the court below found by its decree that Mrs. Fleming was the *equitable* assignee of all of said three notes, and as such entitled to priority in the application of the proceeds of said sale; that Loeb, the trustee, had made a misapplication of the proceeds in selling and conveying the premises to Bolton, and rendered a decree against Loeb for the face of said notes with ten per cent. per annum interest, being $673.87, but dismissing the bill as to Bolton and the other defendants for want of equity.

Mr. GEORGE F. BLANKE, for appellant; that where a junior incumbrancer pays a *part only* of the mortgage debt he is not subrogated *pro tanto* to the right of the mortgagee, cited Swan v. Patterson, 7 Md. 164; Hollingsworth v. Floyd, 2 H. & G.

o

87; Dixon on Subrogation, 122, 123; Kyner v. Kyner, 6 Watts, 227; Bk. of Penn. v. Potius, 10 Watts, 152; Hardcastle v. Com. Bk., 1 Harrington, R. 374.

When paid, the notes ceased to be the subject of an assignment. After payment they could not be transferred to the prejudice of the senior mortgagee: Chitty on Bills, *223; Story on Promissory Notes, § 180; Byles on Bills, *169; Beck v. Robley, 1 H. Black, 89.

Mr. GRAHAM H. HARRIS, for appellee; that appellee is entitled to subrogation *pro tanto* as to the notes assigned to her, cited Tyrrell v. Ward, 102 Ill. 39; Shinn v. Shinn, 91 Ill. 477; Caudle v. Murphy, 89 Ill. 355; Conwell v. McCowan, 81 Ill. 285; Brice's Appeal, 95 Penn. 145.

When the maker of negotiable paper, secured by mortgage, pays the same with money furnished by a third person, the transaction is a purchase of the paper and not a payment of the same, and he who furnishes the money is the equitable assignee of the paper: Dubois v. Stoner, 11 Bradwell, 403; Swope v. Leffingwell, 72 Mo. 348; Gidone v. Gidone, 70 Ind. 62; Goodbody v. Goodbody, 95 Ill. 456; Caudle v. Murphy, 89 Ill. 355.

McALLISTER, J.   The bill alleges an assignment, in fact, by Bolton to Mrs. Fleming, of the three interest notes in question, for a valuable consideration; but as respects the one of the three which she paid first, the record is barren of evidence, and the decree does not profess to find any such assignment in fact; indeed, the decree does not find an actual assignment, or assignment in fact, of any of the three notes. It finds an equitable assignment only. Nor is there evidence in the record tending to show that before, at the time, or subsequently to the payment of the first of said notes, there was any arrangement, agreement or understanding, between the two parties, for the purchase by her of said note, or any part of said senior mortgage or trust deed. But the evidence is all one way, that she began to take up said interest notes, in pursuance of a determination on her part to redeem the premises from Bolton's incumbrance, by paying the entire amount thereof; that she

intended to do this in the exercise of a right of redemption, and not under any conventional arrangement with Bolton, the senior mortgagee; that acting with that intention, she paid the three interest notes, but neither paid, nor offered to pay, any more of the mortgage debt; that of these notes, the one first paid was simply indorsed paid, surrendered to Yeaton, the maker, and by him sent to Mrs. Fleming. The second and third notes, when paid, were respectively indorsed, at the request of Yeaton, "Paid by and assigned to Mrs. Mary E. Fleming without recourse," and signed by Bolton by an agent.

Now it is entirely clear that if Mrs. Fleming can be regarded as equitable assignee as respects the first note paid by her, it must be by mere operation of law, and upon principles of equity. And it is equally clear that the general rule as to the right of a junior mortgagee to be subrogated to the rights of the senior by redemption, can have no application to this case; for redemption is the payment of the entire mortgage debt, after forfeiture, by the terms of the mortgage contract; and here only a small part of such debt was paid. In order to be entitled to subrogation, or substitution, by operation of law, to the rights and interests of the senior mortgagee in lands by redemption, the party redeeming must pay the entire amount of an incumbrance which is senior to his own estate. Street v. Beal, 16 Iowa, 68; Johnson v. Harmon, 19 Id. 56; Knowles v. Rablin, 20 Id. 101; Sheldon on Subrogation, § 14; 1 Jones on Mort., § 874; 3 Pom. Eq. Jur., § 1211.

A junior mortgagee who claims to be an equitable assignee, or an assignee by operation of law, stands in the same posision in respect to a partial payment of the senior mortgage debt as a surety does in respect to a partial payment of the claim against his principal.

It is well settled that a surety can neither at law nor in equity call for an assignment of the claim of the creditor against his principal, or be clothed, by the mere operation of law, and upon principles of equity, with the rights of an assignee of such claim, unless he has paid the entire debt of

the creditor. A *pro tanto* assignment will not be allowed. Gannett v. Blodgett, 39 New Hamp. 150; Swan v. Patterson, 7 Md. 164; Commonwealth, etc., v. Ches. & Ohio Canal Co., 32 Id. 501; Magee v. Leggett, 48 Miss. 139; Vest v. Voss et al., 74 Ind. 565; Harlan v. Sweeny, 1 Lea (Tenn.), 682; 1 Lead. Cas. in Eq., 4th Am. Ed. 152; Sheldon on Sub., § 127; Brandt on Suretyship, § 266, and cases in notes.

The courts have sometimes recognized what has been called a conventional subrogation, resulting from an express agreement with the creditor to the effect that the security held by him shall be assigned to the person paying, or kept on foot for his benefit. Sandford v. McLean, 3 Paige, 122; Receivers of the New Jersey, etc., Railway Co. v. Wortendyke, 27 N. J. Eq., 660. When the right of subrogation is the result of an express agreement, it is no objection that it extends only to a part of the mortgage or other security. Of that character is the case of Brice's Appeal, 95 Penn. St. 145. That case was one of purely conventional subrogation, and it has no application to the present case. There is no evidence tending to establish any conventional arrangement between Bolton and Mrs. Fleming that the whole or any part of the mortgage of the former should be assigned to the latter, or kept on foot for her benefit.

There can be no presumption of any intention of the parties, under the circumstances of the case, to have the payment by Mrs. Fleming of the three interest notes operate as an assignment of Bolton's mortgage *pro tanto*. And we have shown by the authorities that such partial payment can not be considered as effecting a *pro tanto* assignment by operation of law and upon principles of equity. Gannett v. Blodgett, *supra*.

There being, then, no right of conventional subrogation as the result of express contract, and the coupon note first paid by Mrs. Fleming having been simply canceled, it is entirely clear, upon the above authorities, that it was error in the court below to include the amount of that note in its decree. Then as to the other two notes paid by her and which were indorsed, "Paid by and assigned to Mrs. Mary E. Fleming without re-

course," we are of opinion that, in view of all the circumstances, we are not warranted in holding that such transaction amounted to a purchase of said notes by Mrs. Fleming, of Bolton, or to an actual assignment by the latter to the former, but should hold, that as between those parties it was in law and in fact a payment, and that the assignment part of the indorsement had reference to the preservation alone of her rights as between her and Yeaton, the person primarily liable, and her mortgagor as well as Bolton's. We may be mistaken in this view, but it commends itself to our reason and sense of justice, and we are inclined to so hold.

The decree of the court below will be reversed as to appellant, and the cause remanded for further proceedings not inconsistent with this opinion.

Decree reversed.