BENJAMIN M. SHAFFNER *et al.*

*v.*

J. S. APPLEMAN *et al.*

*Opinion filed December 22, 1897.*

1. SOLICITOR'S FEES—*when solicitor's fee is properly allowed in foreclosure.* Where a second mortgagee seeks foreclosure subject to the prior mortgage, without making the prior mortgagees parties to his bill or seeking to affect their rights, and the prior mortgagees are allowed to answer the bill and file a cross-bill to foreclose their mortgage, upon foreclosure being decreed a solicitor's fee may be allowed in pursuance of a provision of the prior mortgage, and included in the amount found due thereunder.

2. APPEALS AND ERRORS—*objections to allowance of items by master, on foreclosure, should be made below.* The Supreme Court cannot consider an objection to the allowance of an item by the master, on foreclosure, where no objection thereto was made before the master or exception made in court.

3. SAME—*mortgagor cannot complain that no personal decree was rendered against him.* A mortgagor cannot complain that a foreclosure decree did not direct him to pay the amount found due, but merely ordered the premises to be sold in default of payments, as the latter is the proper form of a decree *in rem.*

*Shaffner* v. *Appleman,* 70 Ill. App. 684, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

B. M. SHAFFNER, for appellants.

LYMAN & JACKSON, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In this case J. S. Appleman, one of the appellees, filed his bill against Benjamin F. Shaffner and Joseph Shaffner, the appellants, and Clara Shaffner, to foreclose a trust deed made by them on certain premises to secure a note held by Appleman. Said trust deed was made subject to another trust deed on the same premises to Lyman Baird, trustee, to secure a note which was held at the time of this litigation by Sarah A. Whittemore. Appleman did not make the trustee or party secured by the prior trust deed defendant to his bill, and did not seek to affect the rights or interests of either in any manner, but asked for a foreclosure subject to such prior trust deed. Lyman Baird and Sarah A. Whittemore filed their petition in the suit to be made parties defendant and allowed to answer the bill and to file a cross-bill. Leave was given, and petitioners answered the bill (which made no charge against them and did not seek any relief affecting them) by neither admitting nor denying its allegations, and thereupon they filed their cross-bill for a foreclosure of their prior trust deed. Issues having been made up on the bill and cross-bill, they were referred to a master, who reported the amount due on each trust deed, and there was a decree for a sale of the premises and payment of the amounts found due in the order of their priority. The decree has been affirmed by the Appellate Court.

The master found that $300 was a reasonable solicitor's fee for services rendered in the foreclosure of the first trust deed by means of the cross-bill, and included the same in the amount due upon said trust deed in pursuance of a stipulation therein contained. The court overruled appellants' exception to the allowance of such

fee, and it is insisted that the court was in error, under the rule stated in *Soles* v. *Sheppard*, 99 Ill. 616.    This is due to a misapprehension of that case.    Sheppard was a defendant in a foreclosure suit as the holder of a junior lien, which, upon a sale, would be transferred to the surplus after satisfying the first mortgage, and he could have obtained payment without a cross-bill, on a mere motion. The holder of the mortgage had a right to bring Sheppard into court and have his interest subjected to the decree, but a junior mortgagee has no right to file a bill and compel a foreclosure of a prior mortgage.    He may redeem from such prior mortgage, but it is the privilege of its holder to foreclose it or not, as he may see fit.    So in this case, Appleman could not file a bill and compel a foreclosure or satisfaction of the trust deed securing Sarah A. Whittemore.    No objection was made to the petitioners coming into the suit and filing the answer and cross-bill, without which there would have been no foreclosure of the prior trust deed.    The solicitor's fee was properly allowed, and the court did not err in overruling the exception.

Objection is made to another item of $17.58 for an examination of title; but there was no objection before the master or exception in the court to the allowance of that item, and it cannot be questioned now.

It is also argued that the decree is fatally defective because it does not direct appellants, or either of them, to pay the amounts found to be due, but merely orders the premises sold in default of payment by the appellants or some one of the defendants to the cross-bill. This is the proper form of a decree *in rem*, and it is not a ground of complaint on the part of appellants that there was no personal decree against them.    They were certainly not injured by an omission of that kind.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*