## DAVID E. TOWN

*v.*

## BELLE E. ALEXANDER *et al.*

*Opinion filed April 17, 1900.*

1. DAMAGES—*Appellate Court may assess damages if appeal is prosecuted merely for delay.* Under section 10 of the Appellate Court act, (Laws of 1877, p. 71,) providing that the practice in said court shall be the same as in the Supreme Court, so far as applicable, the Appellate Court may assess damages if an appeal is prosecuted for delay, as provided in section 23 of the act on costs, (Rev. Stat. 1874, p. 300,) conferring such power on the Supreme Court.

2. SOLICITORS' FEES—*when solicitor's fee is properly allowed to first mortgagee.* A solicitor's fee may be allowed in pursuance of a provision of a first mortgage where the second mortgagee seeks foreclosure without making the first mortgagee a party, or seeking to affect his rights, and the first mortgagee has been permitted to answer the bill and to file a cross-bill to foreclose his mortgage. (*Shaffner* v. *Appleman,* 170 Ill. 281, followed.)

*Town* v. *Alexander,* 85 Ill. App. 512, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

This was a proceeding in the superior court of Cook county to foreclose a trust deed in the nature of a mortgage. The original bill was filed by the appellee Belle E. Alexander, the holder of the notes secured by the trust deed sought to be foreclosed, against the appellant, who is the grantee of the premises, and others. The trust deed covered the whole of a certain lot, the east fifty feet of which was covered by a prior trust deed given to secure notes held by appellee Martha J. Boardman. The latter was not made a party defendant to the original bill but came into the suit as a party defendant, answered the bill and also filed a cross-bill to foreclose the prior trust deed. The decree was in accordance with the prayers of the original and cross-bills, and on appeal to

the Appellate Court the decree was affirmed, with damages for delay. From that judgment of affirmance the appellant, David E. Town, prosecutes this appeal.

CHARLES PICKLER, for appellant.

GEORGE W. MILLER, JAMES R. MANN, and J. L. RAY, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The first point urged by appellant as ground for reversal is, that the Appellate Court exceeded its jurisdiction in assessing statutory damages of two and one-half per centum against appellant, and in favor of appellees Alexander and Boardman, on the amounts found by the decree to be due them, respectively, for the reason that, in the opinion of that court, the appeal was prosecuted merely for delay.

Section 23 of chapter 33 of the Revised Statutes of this State provides in cases of appeal or writ of error, that if, in the opinion of the Supreme Court, such appeal or writ of error is prosecuted only for delay, the person prosecuting the appeal or writ of error shall pay to the opposite party a sum not exceeding ten per centum on the amount of the judgment or decree so attempted to be reversed, at the discretion of the court. Appellant contends that the Appellate Courts have no power, under that statute, to assess such damages. The statute was passed by the legislature in 1874. Subsequently, in 1877, the statute creating the Appellate Courts was enacted. Paragraph 10 of the latter act provides that "the process, practice and pleadings in said courts shall be uniform, and shall be the same as the process, practice and pleadings now prescribed or which may hereafter be prescribed in and for the Supreme Court of this State so far as applicable." The Appellate Courts were established to relieve the Supreme Court in the increased business, which rendered it impossible for it to promptly dispose of the

cases submitted to it for decision. In furtherance of that purpose the legislature enacted the foregoing statute,—that is, to prevent delays in the administration of justice,—and hence provided that the "practice" in those courts should be the same as that of the Supreme Court, "so far as applicable." Before the establishment of the Appellate Courts a dissatisfied litigant might appeal to this court, and it, in its discretion, could assess the statutory penalty for delay. With the creation of the intermediate courts of appeal there existed the same reasons for vesting in them the power to punish one who might appeal merely for delay. It is unreasonable to suppose that the legislature intended that an unsuccessful litigant might have one appeal for delay without becoming liable for damages, but if he prosecuted a further appeal to this court could be mulcted for his dilatory conduct. Appellant makes no complaint of injustice done him by the assessment of damages, and we are of the opinion that, construing together the two statutes referred to, the Appellate Court had full jurisdiction to so assess him. See *Baker* v. *Prebis*, (*ante*, p. 191.)

As for the second point urged by appellant, that the Appellate Court erred in affirming the decree of the trial court allowing a solicitor's fee to appellee Boardman, we held in the recent case of *Shaffner* v. *Appleman*, 170 Ill. 281, that where a second mortgagee seeks foreclosure subject to a prior mortgage without making the prior mortgagees parties to his bill or seeking to affect their rights, and the prior mortgagees are permitted to answer the bill and file a cross-bill to foreclose their mortgage, upon foreclosure being decreed a solicitor's fee might be allowed in pursuance of a provision in the prior mortgage and included in the amount found due thereunder. This case is decisive of the point herein urged by appellant.

No other errors are urged, and for the reasons stated the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*