## Daniel H. Gillespie et al. v. Greene County Savings & Loan Ass'n.

1. ATTORNEY'S FEES—*Not Allowed a Junior Mortgagee in Foreclosure of Senior Mortgage.*—Where a bill to foreclose a senior mortgage makes a junior mortgagee a party, so that it is unnecessary for him to file a cross-bill to protect his interest, an attorney's fee should not be allowed him.

2. RECEIVER—*When Not to be Appointed—Mortgages.*—In a suit to foreclose a senior mortgage, if neither the bill nor cross-bill prays for the appointment of a receiver, the court should not appoint one, even though a junior mortgage may provide for the appointment of a receiver.

**Foreclosure of Mortgage.**—Error to the Circuit Court of Greene County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1900. Affirmed in part and reversed in part. Opinion filed June 10, 1901.

**Statement.**—The Greene County Savings and Loan Association of Carrollton, Illinois, filed in the Circuit Court of Greene County, its bill in equity against Daniel H. and Ann Gillespie, Fielden M. Roberts and Garr-Scott Company to foreclose a mortgage upon certain real estate therein described, given to it by said Gillespie to secure the bond also therein described. Copies of the mortgage and bond were made exhibits to, and a part of the bill.

The bond exhibited is one given by David H. Gillespie to the Greene County Savings and Loan Association, and recites that he " being a member of the said association, at a regular meeting thereof held October 4, A. D. 1888, bid a premium of $37 per share for precedence in obtaining an advanced payment of fifteen shares of the ninth series of stock in said association subscribed for by him, and thereby obtained an advance payment of $945, the full value of said stock at maturity, less said premium."

The mortgage exhibited purports to be executed by Daniel H. and Ann Gillespie to said building and loan association, and among other things states· that the mortgagors obligate themselves to pay, when due, all monthly installments or dues, and all fines that may become due to

said association according to the constitution and by-laws,
and to pay all taxes and assessments on the mortgaged
premises and keep the buildings thereon insured; and in
case of default said association may pay such taxes and
insurance, and have lien under the mortgage, for so much
additional indebtedness secured thereby, and seven per cent
interest on such payments.

And it provides, among other things :

" That if default shall be made in the payment of the
monthly dues on the aforesaid shares of stock or fines
that may become due thereon under the constitution and
by-laws of said association, or if monthly interest upon
said advanced payment and such default shall continue for
six months, or in the payment of taxes, assessments or
insurance as above provided, the whole principal sum
advanced as aforesaid and interest thereon shall, at the
option of said association, immediately therefrom become
due and recoverable, and this mortgage may be foreclosed
without notice of such option to said mortgagors, their
heirs, executors, administrators or assigns, notice of such
option being hereby expressly waived.  And that in case
of the institution of any suit for the foreclosure of this
mortgage the said Daniel H. Gillespie and Ann Gillespie,
his wife, mortgagors, will pay to said association the sum
of $40 for its solicitor's fee in such suit, and said sum shall
become due and payable when such suit shall be instituted,
and the same shall be included as part of costs in any judg-
ment or decree for the foreclosure of this mortgage."

The bill, among other things, avers that said Daniel H.
Gillespie " has failed and neglected to pay the monthly
dues on said stock and the fines and the monthly interest
on said debt for more than six months last past," and " the
said stock has become forfeited to said corporation accord-
ing to the by-laws of the said corporation, and the right has
accrued to said corporation to bring suit to foreclose the
said mortgage and to declare the whole debt now due and
payable."

And that they have also neglected to pay the taxes and
insurance as provided in the mortgage, and complainant
has paid same, amounting to $134.35 for redemption of the
premises from tax sale, and $18 for insurance.

And that said Roberts and Garr-Scott Company have, or claim, some interest in the mortgaged premises, but states that such interest, if any, is subject to that of the association. (

And it prays "that an account may be taken by and under the direction of the court of the amount due your complainant on the said mortgage debt and interest thereon, the amount due for taxes and insurance and interest thereon, and the amount to be taxed for solicitors' fees, and that the said Daniel H. Gillespie be ordered to make payment thereof within some short time to be fixed by the court, and in default thereof that the said mortgaged premises be sold," etc.

Roberts answered the bill and also filed a cross-bill, in which he set up that said Gillespie had also given to him another mortgage upon the premises, described in the original bill, to secure certain indebtedness therein described which was due and unpaid.

Garr-Scott Company also answered the bill and likewise filed a cross-bill, in which it charged that said Daniel H. and Ann Gillespie had also given it a mortgage upon the same premises, to secure a certain indebtedness therein described, which was due.

A copy of the mortgage sought to be foreclosed by the Roberts cross-bill was exhibited thereto and made a part thereof, and contained, among other things, the following:

"Upon the filing of any bill to foreclose this mortgage in any court having jurisdiction thereof, such court may appoint William Lavery or any proper person receiver, with power to collect the rents, issues and profits arising out of said premises during the pendency of such foreclosure suit and until the time to redeem the same from any sale that may be made under any decree foreclosing the mortgage shall expire, and such rents, issues and profits when collected may be applied toward the payment of the indebtedness and costs herein mentioned and described, and upon the foreclosure and sale of said premises there shall be first paid out of the proceeds of such sale all expenses of advertisement, selling and conveying said premises, and twenty-

five dollars attorney's or solicitor's fee to be included in the decree," etc.

Each of the cross-bills prays for an accounting and a decree of foreclosure for the amount found due, together with the attorney's fee respectively provided for in each mortgage, and in default of payment thereof, in a short day to be fixed, that the premises be sold by the master to satisfy same and costs.

Daniel H. and Ann Gillespie answered the original and each of the cross bills, denying the material facts alleged in each.

The cause being at issue, the court referred the same to the master to take proofs and state an account, which he did, and after overruling exceptions to his report, the same was presented to the court and filed.

The evidence taken by the master shows that Daniel H. and Ann Gillespie executed and delivered the mortgage bond and notes as in the original bill and cross-bills stated; that they failed to pay the taxes on the premises and to keep the buildings on same insured as stated; and that the said association had paid and redeemed the premises from such taxes as stated.

The master reported that there is due on first mortgage to Greene County Savings and Loan Association, $1,296.56; on second mortgage to F. M. Roberts, $424.50; on third mortgage to Garr-Scott Company, $2,265.52; all of said mortgages being given on the above described premises; that the first mortgage provides for an attorney's fee at $40, the second $25, the third $50, "all of which I recommend as reasonable."

The exceptions presented to the master by Daniel H. and Ann Gillespie, and by him overruled, were, first, master erred in concluding amount due complainant to be $1,296.56; second, master erred in concluding amount due Fielden M. Roberts to be $424.50; third, master erred in concluding amount due Garr-Scott Company to be $2,265.52; fourth, master erred in recommending the respective solicitor's fees mentioned in said report.

The same exceptions were presented to the court as to the master, and all were overruled except the one relating to the amount due Garr-Scott Company, which was reduced to $1,515.52.

The evidence taken and reported by the master shows that the originals of the mortgages, bond, notes and certificate of redemption from tax sale, as set forth in the original and each of the cross-bills, were produced before him by the complainants therein respectively; and that the Greene County Building and Loan Association had paid $18 premium for insurance, as stated in its bill.

And it also showed that the mortgaged premises were of much less value than the amount due upon the indebtedness due by Daniel H. Gillespie, as shown by said mortgages, bond, notes, tax redemption certificate and insurance premium.

And after finding there was due the Greene County Building and Loan Association $1,296.56 and $40 attorney's fees besides, which is a first lien upon the premises; to Fielden M. Roberts $424.50, and $25 attorney's fees besides, which is a lien upon the premises but subject to that of the Greene County Building and Loan Association; and to Garr-Scott Company $1,515.52 and $50 attorney's fees, all of which is a lien upon said premises subject to that of said Greene County Building and Loan Association, and also of that of the said Fielden M. Roberts, the court decreed that Daniel H. Gillespie pay said respective amounts and the costs in a short day, or in default thereof, that the premises be sold by the master to pay same according to the priority as found; and further found that the premises would not sell for enough to pay all of said indebtedness, and appointed a receiver to collect the rents pending the time of redemption.

This writ of error is prosecuted by Daniel H. and Ann Gillespie to effect a reversal of the decree, and they allege and urge that the court erred in entering a decree of foreclosure upon the mortgage in the original bill, because it fails to aver that the directors of the building and loan

association declared the bond due and ordered the stock forfeited on account of the delinquencies of Daniel H. Gillespie in paying dues, interest, taxes and insurance as provided by the mortgage, and the money loaned was not bid for by him; that the court erred in allowing attorney's fees upon each of the mortgages foreclosed; that the court refused to allow Daniel H. Gillespie sufficient credits upon his indebtedness to Garr-Scott Company; and that the court erred in appointing a receiver because there was no prayer in any of the bills for the appointment of such.

JOHN C. WILSON and GRANT FOREMAN, attorneys for plaintiff in error.

HENRY C. WITHERS, attorney for Greene County Savings and Loan Association and Fielden M. Roberts, defendants in error.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

We are of the opinion that the original bill sufficiently charged that the building and loan association had declared the bond secured by its mortgage due, and ordered the stock forfeited on account of the failure of Daniel H. Gillespie to pay his dues, interest, taxes and insurance, to warrant the proof taken by the master to the effect that the association, at a regular meeting held September 9, 1897, which was before the bill was filed, declared the bond due for such failure, and that it afterward, in November, 1897, directed proceedings to be taken to foreclose at once the mortgage which secured it; and further, that this proof sufficiently supports the decree to that effect.

The evidence taken by the master also shows that Daniel H. Gillespie had arranged with one Clapp to bid for him at the meeting of the association when the money was sold for which the bond and the mortgage were given.

In Palmer v. DeWitt County Building Association, 79 Ill. App. 367, referred to by counsel for plaintiff in error in support of their contention that the bill was insufficient, the holding was that the proofs did not sustain the allega-

tions of the bill to the effect that the directors had authorized proceedings to be brought, but in the case at bar such proof was clearly and fully made.

The mortgage sought to be foreclosed by the original bill was a superior lien to those sought to be foreclosed by the cross-bills, and as the holders of the junior mortgages were made defendants to the original bill, they could have set up their mortgages and obtained payment in case there was a surplus upon sale of the property on a mere motion without answer, so that it was unnecessary to file cross-bills, and it was error for the court to allow attorney's fees for such. Soles v. Sheppard, 99 Ill. 616.

The evidence taken by the master, with reference to the sale of the personal property made by Garr-Scott Company under a chattel mortgage given by Daniel H. Gillespie to it, satisfies us that the $500 which it brought at the sale was not a sufficient price therefor, but the Circuit Court having allowed $750 more, we think that sufficiently accounted for the difference between what it brought and its real value, when all the evidence is considered, so that the allowance of $1,250 made by the court was fair, and Daniel H. Gillespie has no cause to complain of such allowance being too small.

While the mortgages of Roberts and Garr-Scott Company provided for the appointment of a receiver to collect rents during the time intervening from the entry of the decree until the property was redeemed, or the time of redemption had expired, yet inasmuch as neither the original nor either of the cross-bills prayed for the appointment of a receiver, it was error for the court to appoint one.

For the two errors above indicated we will reverse so much of the decree as allows $25 attorney's fees for foreclosing the Roberts mortgage, and $50 for foreclosing the Garr-Scott Company mortgage, and so much thereof as provides for the appointment of a receiver; in all other respects the decree will be affirmed.

One-half the costs in this court will be taxed to plaintiff in error and one-half to defendant in error.

Affirmed in part and reversed in part.