Randall W. Burns and Amos H. Case, Trustees, and Noel McVicker, Defendants in Error, v. William J. Turnes and Eleanor K. Turnes, Plaintiffs in Error.

Gen. No. 22,128.

1. MORTGAGES, § 175*—*when mortgagors have no equities against assignee of first mortgage.* On a bill for foreclosure by the assignee of a first mortgage on premises on which a building was erected by a building construction company, *held* that the mortgagor had no equities against the enforcement of the indebtedness which could be interposed against the first mortgagee, where the sale of two mortgages was effected by a construction company as agent, even though it failed to expend the proceeds on the building, especially where the mortgagors approved of expenditures made on improvements for more than the face value of the first mortgage.

2. MORTGAGES, § 661*—*when second mortgagee not entitled to attorneys' fees.* A second mortgagee is not entitled to attorneys' fees where such mortgagee, who is made a defendant in a suit for the foreclosure of the first mortgage, files an answer praying that, in case of a sale, any surplus remaining after payment of the first mortgage should be applied towards the payment of the amount due him.

3. MORTGAGES, § 667*—*when allowance of attorneys' fees for foreclosure is not excessive.* An allowance of $1,000 attorneys' fees for the foreclosure of a mortgage of $9,000, *held* not excessive where it appeared that the attorneys appeared before the master seventeen times and also were required to appear several times before the chancellor in settling the pleadings, and there was expert evidence on complainants' behalf that such fees were reasonable and no evidence to the contrary.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Burns et al. v. Turnes et al., 207 Ill. App. 181.

Error to the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed in part and reversed in part. Opinion filed July 11, 1917.

GEORGE V. McINTYRE, for plaintiffs in error.

GARDNER, FOOTE & BURNS, for defendants in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

This writ of error is prosecuted to reverse a decree entered in a foreclosure suit. The record discloses that William J. Turnes and his wife entered into a contract with the Guaranty Construction Company, a corporation, whereby the construction company agreed to construct a building to cost $12,500. To raise the funds necessary, Turnes and his wife executed two notes, one for $9,000 and one for $3,750, secured by trust deeds on the premises on which the building was to be constructed. The contract provided that the construction company should negotiate the notes and trust deeds. The $9,000 note and trust deed were sold to the complainants, Randall W. Burns and Amos H. Case, trustees under the last will and testament of Randall H. White, deceased. The note for $3,750 and trust deed were also disposed of, and, prior to the filing of the bill, were owned by the defendant, Noel McVicker. Both of the notes were sold for their face value and the money turned over to the construction company, or to Seney Rogers & Company, a firm of brokers, who also appear to control the construction company. The interest on the notes was payable semiannually, evidenced by interest notes or coupons; and default being made in the payment of a part of the fifth coupon on the $9,000 note, and also default in payment of taxes and special assessments, the bill in this

case was filed to foreclose the $9,000 trust deed. The owner of the second mortgage was made a party defendant.

The defendant Noel McVicker answered setting up his ownership of the second mortgage, and prayed that in case of sale of the premises any surplus remaining after the satisfaction of the first mortgage should be paid·to him.

The defendants Turnes filed their answer, which admitted the execution of the notes and trust deeds, and averred that the construction company had agreed to construct a building on the premises and pay for the same out of the proceeds derived from the negotiation of the two notes, and that the owners of the $9,000 note were informed that the said construction company had not paid out the $9,000. These defendants also filed a cross-bill, setting up substantially the same facts, and in addition averred that the construction company had not done its work properly, and also it had failed to complete the building, and they, the cross-complainants were obliged to do so at considerable expense, and prayed that an accounting be had. After issues joined the cause was referred to a master who took the proofs and made up his report. The master found that the face value of the two notes, together with certain interest and expenses, were due and unpaid, and recommended a foreclosure of the first mortgage, and, in default of payment, that the property be sold. Objections to the report were overruled, as were likewise exceptions, and a decree of foreclosure entered. The decree provided that in case of sale any surplus remaining after payment of the first mortgage should be applied in payment of the amount found due under the second mortgage. The decree also found, in accordance with the master's report and recommendations, that the construction company had failed to complete its work in accordance

with its contract; that the Turnes', by reason of such breach, had incurred expenses amounting to $3,066.48, which was found to be due and owing from the construction company to them.

The defendants Turnes contend that in a proceeding to foreclose a mortgage any equities existing in favor of the mortgagor may be enforced against the owner of the indebtedness, and therefore the equities existing between them and the construction company can be invoked against the owners of the first and second mortgages.

The law has long been firmly established in this State that any equities which the mortgagor has against the enforcement of the indebtedness may be interposed against any one seeking to foreclose the mortgage. *Olds v. Cummings,* 31 Ill. 188. In the case at bar, however, there are no equities in favor of the mortgagors, even if the amount realized from the sale of the two mortgages was not expended on the construction of the building. The construction company was authorized by the mortgagors to negotiate the sale of the two mortgages; it obtained the face value thereof, and if it failed to expend this money on the building, the owners of the mortgages are in no way to blame, for the default, if any, was that of the construction company, the agent of the mortgagors. Furthermore, the mortgagors approved of expenditures made on the improvements for more than the face value of the first mortgage, and this is the mortgage against which they make complaint.

The defendants Turnes next contend that there is no evidence to warrant the finding of any amount due the defendant McVicker; that while the answer avers that the face of the note amounting to $3,750 with interest was due, the note and mortgage were not introduced in evidence, and therefore there is nothing on which to base the decree in this regard. This is a

misapprehension. The note and trust deed were introduced in evidence, and in fact there is no dispute that the amount found due McVicker was correct.

In this connection complaint is also made of the allowance of $450 to the defendant McVicker as and for his solicitor's fees. The record discloses that the defendant by his answer prayed that in case of a sale, any surplus remaining after the payment of the first mortgage should be applied towards the payment of the amount due him. No claim was made by him for solicitor's fees, and on answer filed on behalf of a second mortgagee, none was authorized. *Soles v. Sheppard,* 99 Ill. 616; *Schaeppi v. Glade,* 195 Ill. 62; *Gillespie v. Greene County Savings & Loan Ass'n,* 95 Ill. App. 543. Moreover, while it appears that the trust deed was offered in evidence before the master and considered by him, it does not appear in the record, and there is no finding in the decree concerning the matter. We are therefore unable to determine its provisions, if any, in this regard. The allowance of $450 solicitor's fees was unauthorized.

The defendants Turnes further contend that the allowance of $1,000 to the complainants as solicitor's fee is contrary to the evidence. The objection urged before the master and the chancellor was that the allowance was excessive and that a reasonable fee would be $250. The record discloses that the solicitor for the complainants appeared before the master seventeen times; that he was also required to appear several times before the chancellor in settling the pleadings. Attorneys on behalf of the complainants testified that $1,000 would be a reasonable fee for such services. The defendants offered no evidence to the contrary and we are unable to say that the allowance was excessive.

The decree of the Circuit Court is in all respects affirmed, except as to the allowance of $450 to the defendant Noel McVicker as his solicitor's fees. In this

respect it is reversed.   The costs in this court will be divided so that the defendant McVicker will be required to pay one-third and the defendants Turnes two-thirds thereof.

*Affirmed in part and reversed in part.*