**Blue Island First Securities Company et al., Appellees, v. Charles W. Irrgang et al., Defendants. On Appeal of Francis J. Sullivan, Appellant.**

**Gen. No. 33,194.**

Opinion filed April 1, 1929.

HENRY P. HEIZER, for appellant.

DENEEN, HEALY & LEE, for appellees; ROBERT J. NORDHOLD, for defendant George W. Prassas. ROY MASSENA, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

The Blue Island First Securities Company filed a bill to foreclose a trust deed given to secure a note for $11,000 made by Charles W. Irrgang and Peter Refakes. After filing, the bill was amended, the amendment averring that in order to prevent the foreclosure of a first mortgage given to secure an indebtedness of $33,000 complainant had paid three instalments of interest in the sum of $990 each as the same matured. The bill made unknown owners defendants.

George W. Prassas entered his appearance and answered, averring that he was the owner of three notes dated April 17, 1926, two for the sum of $3,675 each and one for $3,650, all of which were secured under a junior trust deed by which the premises were conveyed to the Chicago Title & Trust Company. Afterwards a supplemental bill was filed which suggested the death of one of the defendants and averred that the premises had been conveyed to appellant, Francis J. Sullivan, who, with the heirs at law of the said deceased, were made defendants.

The cause was put at issue and referred to a master in chancery to take the testimony and report his conclusions of law and fact. The master reported finding the execution and delivery of the various notes and trust deeds as hereinbefore set forth and the payment by complainant of the interest on the first mortgage indebtedness and stated the account between complainant and the defendants Irrgang and Refakes. He also found that Prassas was the owner of the indebtedness secured by a junior trust deed and stated the account between him and the makers of the notes held by him. The master recommended an allowance to Prassas of $325 as reasonable solicitor's fees. He further found that on June 15, 1926, the premises were conveyed by quitclaim deed to defendant Francis J. Sullivan, who had entered into possession and remained in possession up to that time; that one William Williams was in

actual possession as a tenant of Sullivan and that he had no other right, title or interest except as a tenant of Sullivan. The report recommended a decree according to its findings. Objections were filed to this report which were overruled by the master. The cause was heard by the chancellor upon exceptions to the master's report and a decree was entered according to its recommendations, these exceptions having been overruled.

It is contended in behalf of the holder of the equity that the court erred in that it included in the amount found due the sums paid by complainant upon the first mortgage indebtedness, first, because it is said there was no evidence introduced tending to establish the fact that there was a first mortgage on the premises, and, secondly, because the provisions of the trust deed foreclosed contained no covenants by the grantors to pay interest on a prior incumbrance and add the same to the indebtedness secured by the trust deed.

The evidence tending to show the existence of a prior incumbrance is not contradicted. The solicitor for complainant testified without objection to the existence of a first mortgage for $33,000 and that payment by complainant of the interest on this mortgage was necessary in order to prevent a foreclosure of the mortgage. He also testified positively to the payment at different times of interest notes as they matured, and receipts were offered and received in evidence showing these payments and an assignment of an interest to the amount of the payment in the first mortgage note and trust deed was also received in evidence. The trust deed owned by complainant is in evidence and states upon its face that it is a junior mortgage. We hold this evidence was prima facie sufficient to show the existence of the first mortgage and that these payments were made and were necessary. As to the contention that there is no clause in the trust deed giving com-

plainant the authority to pay items falling due on the first mortgage, we think, assuming there is no clause in the mortgage giving such authority (as defendant contends) that on general equitable principles complainant would be subrogated to the rights of the holder of the indebtedness which it paid.

It is urged by the defendant that there could be no subrogation because complainant paid only a part of the debt, and it is said that in order that the principle of subrogation should be applied it was necessary for complainant to pay the entire first mortgage. 37 Cyc. 408, 465; *Loeb v. Fleming,* 15 Ill. App. 503; Black on Mortgages, sec. 313, and Sheldon on Subrogation, secs. 14, 70 and 127 are cited. The facts in evidence here, however, show a conventional subrogation by agreement between complainant and the holder of the first mortgage. In such case, a person making a partial payment may be subrogated. 2 Jones on Mortgages sec. 1132; 9 A. L. R. 1607; 37 Cyc. 465; *Loeb v. Fleming, supra; Smith v. Dinsmoor,* 119 Ill. 656. Moreover, Sullivan as holder of the equity has no standing to make objection. 2 Jones on Mortgages, sec. 1132; *Fisher v. Columbia Building & Loan Ass'n,* 59 Mo. App. 430.

It is also urged that the decree must be reversed because of the failure to make Williams a party defendant. The report of the master found that "said premises are now in the actual possession of William Williams as a tenant of said Sullivan, and he has no other right, title or interest except as a tenant of said Sullivan," and the decree makes the same finding. Sullivan took title by deed delivered June 15, 1926, and he testified that the lease to Williams would expire in the latter part of 1929. Sullivan filed an answer in which he did not aver the omission of any necessary party, and it is a general rule that unless such an objection is taken by demurrer, plea or answer it will receive little

favor from a court of appellate jurisdiction. *Pease v. Chicago Crayon Co.,* 235 Ill. 391; *State Nat. Bank of Springfield v. United States Life Ins. Co.,* 238 Ill. 148; *Martin v. Heymann,* 251 Ill. App. 89. There is, of course, no doubt that as a general rule a tenant in possession is a necessary party to a bill praying the foreclosure of a trust deed. *Gale v. Carter,* 154 Ill. App. 478. In that case, however, the question was definitely raised in the trial court. When the question has not been raised in the trial court, the rule seems to be that this court will not reverse unless the situation disclosed by the record shows an absolute necessity for the reason that no effective decree can be made. *Gulick v. Hamilton,* 287 Ill. 367. That necessity does not appear upon this record.

It is also contended that the court erred in allowing defendant Prassas $325 for his solicitor's fees. The trust deed in question contains a provision in and by which the grantor agrees that in case of foreclosure all expenses and disbursements paid or incurred, including reasonable solicitor's fees, etc., shall be paid by the grantor, and further that "like expenses and disbursements occasioned by any suit or proceeding, wherein the party of the second part, or the holder or holders of any of the indebtedness secured thereby, shall be made a party thereto by reason of this deed, shall be paid by the party of the first part." The trust deed was offered in evidence, but it was not made a part of the answer, and an examination of the answer discloses no averment of any claim whatsoever for solicitor's fees nor is there any reference in the answer to this provision of the deed which authorizes the allowance of solicitor's fees. This court has held in *Crowe v. Kennedy,* 127 Ill. App. 189, followed in *Burns v. Turnes,* 207 Ill. App. 181, that in such case solicitor's fees may not be recovered. In the latter case, *Soles v. Sheppard,* 99 Ill. 616; *Schaeppi v. Glade,* 195 Ill. 62,

and *Gillespie v. Greene County Savings & Loan Ass'n,* 95 Ill. App. 543, are cited. *Shaffner v. Appleman,* 170 Ill. 281, and *Town v. Alexander,* 185 Ill. 254, are cases holding that under certain circumstances (such as do not here appear) solicitor's fees may properly be allowed to the holder of a junior incumbrance. The writer of this opinion thinks the allowance of solicitor's fees to defendant Prassas was inadvertently made and that the decree should be modified by striking out this item. A majority of the court, however, are of the opinion that the decree should be affirmed without modification for the following reasons:

The record discloses that when proof was offered before the master on this question, counsel for defendant Sullivan said: "It is stipulated that if any fee is properly allowable to the defendant Prassas for his solicitor's fee in this proceeding, the sum of $325 is a fair, customary and the usual amount allowed for services such as have been rendered by him here. It is, however, objected to on the ground that no solicitor's fee is allowable in a case in which a defendant proves up a second mortgage." From the foregoing quotation it is clear that the objection made by counsel was that under the decision of the Supreme Court no solicitor's fees could properly be allowed to a junior mortgagee in a foreclosure proceeding foreclosing a prior mortgage, as was the holding in *Soles v. Sheppard, supra,* where the provisions of the trust deed are not the same in substance as those involved in the case at bar. But in this court counsel for Sullivan for the first time takes the position that the fees were not properly allowed because there was no claim made for them in Prassas' answer. The provision of the trust deed, which is above quoted, authorized the allowance of solicitor's fees to Prassas in case he was made a party to any suit by reason of being the holder of any indebtedness secured by the trust deed. The master

found that it was necessary for Prassas to retain the solicitor to protect his interest and that $325 was a reasonable fee for the services rendered. Counsel for the defendant Sullivan filed an objection to this as follows:

"That said Master has found that the defendant, George W. Prassas, is entitled to recover the sum of $325 for solicitor's fees in this proceeding, and that the same is a lien on the real estate described in the bill of complaint."

Counsel on the hearing before the master, having made the specific objection that no solicitor's fee was allowable, "in a case in which a defendant proves up a second mortgage" and the master having properly overruled this objection, when the provision of the trust deed in question is considered, counsel ought not now be permitted to shift his position which was that the solicitor's fees should not have been allowed because there was no express claim for the fee made in the answer. If this objection had been pointed out when the objection was made, a proper amendment to the answer could have been made and the objection obviated. A majority of the court are therefore of the opinion that in view of the record the decree ought not to be disturbed on this account.

The decree is affirmed.

*Affirmed.*

O'CONNOR, P. J., and McSURELY, J., concur.